Louis B. Heller, J.
In an action for divorce, defendant wife moves pursuant to CPLB 3211 (subd. [a]) for an order dismissing plaintiff husband’s first and second causes of action alleged in plaintiff’s complaint upon the ground that each fails to state a cause of action.
The action was commenced by the service of a summons upon defendant on January 27,1968. A certificate of no necessity was issued by the Conciliation Commissioner on February 19, 1968. On April 16, 1968 the plaintiff served his complaint herein.
The first cause of action based on cruel and inhuman treatment is palpably insufficient. The acts of cruelty alleged therein are that defendant maligned the plaintiff before his children and his friends, and openly and wantonly dated a man with whom she committed numerous acts of adultery.
*861 The allegations are completely lacking in specificity sufficient to give the court and adverse party notice of the circumstances, times and places of the alleged misconduct. The first cause of action is dismissed with leave to replead in accordance with CPLR 3013 within 10 days after entry of the order herein.
In the second cause of action plaintiff alleges that defendant abandoned him with intent not to return, and without any cause or justification, and without plaintiff’s consent, and that such abandonment has been for a period of approximately six years, commencing on or about September 22, 1962 to the present time.
Subdivision (2) of section 170 of the Domestic Relations Law, which permits an action for divorce on the ground of abandonment for a period of two or more years, took effect on September 1, 1967. Abandonment as a ground for divorce did not exist in New York prior thereto.
Defendant argues that an amendatory statute may be applied prospectively only in the absence of a clear intention of the Legislature to the contrary; that section 15 of chapter 254 of the Laws of 1966 specifically provides that this act shall take effect September 1,1967 provided that the two-year period specified in subdivisions (5) and (6) of section 170 of the Domestic Relations Law shall not be computed to include any period prior to September 1, 1966 [no reference whatever is made in this regard to subdivision (2) of section 170]; that in the construction of statutes there is a presumption against retroactivity, and since the Legislature in enacting subdivision (2) of section 170 did not indicate any intention that it be applied retroactively, plaintiff cannot predicate a cause of action for divorce on an abandonment that occurred prior to September 1,1967.
I have commented at length as to the intent of the Legislature in adopting this long overdue liberalization of our antediluvian divorce laws in my opinions in Beanland v. Beanland (54 Misc 2d 1010) and Yoli v. Yoli (55 Misc 2d 416).
There is another equally fundamental rule of construction — or to be more precise, an exception to the afore-mentioned rule — that remedial statutes are to be liberally construed and given retroactive application (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 54). The term “remedial statutes” has been defined to include those “ designed to correct imperfections in the prior law, or which provide a remedy for a wrong where none previously existed.” I submit that the Divorce Reform Law of 1966 falls squarely within the ambit of remedial legislation.
Taking another tack, section 15 of the Divorce Reform Law [L. 1966, ch. 254] provides: ‘ ‘ This act shall take effect Sep *862 tember first, nineteen hundred sixty-seven provided that the two year period specified in subdivisions five and six of section one hundred seventy of the domestic relations law as added by this act shall not be computed to include any period prior to September first, nineteen hundred sixty-six and provided further that sections ten and twelve hereof shall take effect immediately.”
The foregoing explicitly enumerates subdivisions (5) and (6), the so-called consensual grounds, and pointedly makes no reference to subdivision (2), an action based upon abandonment (a so-called fault ground). By negative implication, the periods of limitation to which subdivisions (5) and (6) are subjected, to wit, that no period prior to September 1, 1966 can be computed, have no bearing on subdivision (2), and therefore, an action based on subdivision (2) can be commenced at any time after the effective date of the statute, September 1, 1967, notwithstanding that the abandonment occurred prior to that date.
Plaintiff alleges that defendant abandoned him for a continuous period of six years, commencing on or about September 6, 1962, and that the abandonment continues to the present time. As my opinion in Smith v. Smith (55 Misc 2d 172) enunciated, abandonment is a continuing offense which in effect deems each additional day a fresh violation of the marital obligations.
The plaintiff should not be required to wait until September 1, 1969 to maintain his action for divorce on the specious ground that since section 15 of the act provides that it shall take effect on September 1, 1967, plaintiff must wait for a period of two or more years from that date.
The Legislature of this State after 100 years passed a.law liberalizing the ability of parties to obtain a divorce on grounds other than adultery without having to go through the shadow boxing of traveling to other jurisdictions to obtain divorces via spurious and superficial residence requirements. I will not nitpick at split procedural hairs when doing so will frustrate the benign design of this long awaited legislation. To hold that plaintiff must wait two years beyond September 1, 1967 before he can plead an abandonment for the necessary period would be a patent injustice and do violence to common sense.
I construe subdivision (2) of section 170 of the Domestic Relations Law as being retroactive.
Accordingly, defendant’s motion to dismiss plaintiff’s second cause of action grounded on abandonment is denied.