CAROLYN DAVIS AUSTIN v. MERT S. AUSTIN

No. 7120DC428

(Filed 15 September 1971)

1. **Divorce and Alimony § 1; Courts § 14— alimony and child custody — action pending in one county — jurisdiction of district judge in another county to hold in-chambers proceeding**

    A district court judge who was assigned to hold a juvenile session in one county of the district had no authority, in an alimony and child custody proceeding that was pending in another county of the district, to conduct an in-chambers hearing on the wife's motion seeking child custody and support, alimony *pendente lite*, and counsel fees, since there was no showing that the judge had received written authorization from the chief district judge to hear motions in chambers in all causes pending in the courts of the district. G.S. 7A-192.

2. **Courts § 14— jurisdiction of district court to conduct in-chambers proceeding**

    There is no presumption that a district judge (other than the chief district judge) has authority in chambers to hear motions and enter interlocutory orders in all cases pending in the district courts of the district. G.S. 7A-192.

3. **Divorce and Alimony § 18— alimony pendente lite — counsel fees — necessity for findings of fact**

    The trial judge must make sufficient findings of fact to support its order for alimony *pendente lite* and counsel fees and its award of child custody and support. G.S. 50-16.3; G.S. 50-16.8(f).

4. **Divorce and Alimony § 18— alimony pendente lite — adultery as plea in bar — necessity for findings of fact**

    When adultery is pleaded in bar of a demand for alimony or alimony *pendente lite*, an award of alimony *pendente lite* will not be sustained in the absence of a finding of fact on the issue of adultery in favor of the party seeking such an award.

5. **Divorce and Alimony § 18— award of attorney fees — findings of fact**

    An award of attorney fees to a dependent spouse must be supported by findings of fact upon which a determination of the requisite reasonableness of the award could be based. G.S. 50-13.6; G.S. 50-16.4.

6. **Divorce and Alimony § 22— custody of minor children — findings of fact**

    An award of custody of the minor children must be supported by sufficient findings of facts. G.S. 1A-1, Rule 52(a)(1).

7. **Rules of Civil Procedure § 40— continuances**

    Continuances are addressed to the sound discretion of trial judges and may be granted only for good cause shown and as justice may require. G.S. 1A-1, Rule 40(b).

APPEAL by defendant from *Crutchfield, District Judge,* from orders entered in chambers in April 1971.

On 11 March 1971 the plaintiff wife instituted this action in Anson County seeking alimony without divorce, alimony *pendente lite,* custody and support of the two children of the parties, and counsel fees. In the complaint it is alleged, among other things, that plaintiff and defendant are residents of Anson County; that plaintiff is a dependent spouse and defendant is the supporting spouse and is capable of supporting plaintiff; that defendant offered such indignities to her person as to render her condition intolerable and her life burdensome; that the defendant, in effect, maliciously turned her out of doors; that the defendant by cruel and barbarous treatment of the plaintiff endangered her life; that the conduct of the defendant forced her to take the minor children and flee from the home.

On 11 March 1971 plaintiff issued a notice to defendant, signed by plaintiff's attorney, that plaintiff would on 17 March 1971 apply to Judge Crutchfield at chambers in Stanly County " . . . for an allowance for proper subsistence and reasonable counsel fees pending the final determination of said action." This notice was not served.

On 15 March 1971 plaintiff issued another notice to defendant, which was signed by plaintiff's attorney and served on defendant on 16 March 1971, that plaintiff would on 25 March 1971 apply to Judge Crutchfield at chambers in Richmond County " . . . for an allowance for proper subsistence and reasonable counsel fees pending the final determination of said action." The record does not reveal what disposition was made of this notice or what occurred at the hearing in Richmond County on 25 March 1971, if such a hearing were held.

On 16 March 1971 before Chief District Judge Mills, at chambers in Anson County, the parties entered into certain stipulations signed by their respective attorneys as to the 1970 income and 1970 income tax returns of the parties; that the defendant would make payments on "the house" and on "both cars"; and that the defendant would take a nonsuit in certain separate actions he had instituted against the plaintiff and E. A. Hightower, plaintiff's attorney.

On 2 April 1971 plaintiff issued still another notice to defendant, signed by plaintiff's attorney and served on defend-

ant on 3 April 1971, that plaintiff would on 8 April 1971 apply to Judge Crutchfield at chambers in the Union County Courthouse in Monroe, North Carolina, " . . . for an Order awarding her custody of the children, for alimony without divorce, for reasonable subsistence for herself and the minor children and for reasonable counsel fees pending the final determination of said action."

Defendant filed an answer on 7 April 1971, which was served on plaintiff's attorney on the same date, admitting the allegations of marriage and residence and that there were two children born of the union, but denying the other material allegations of the complaint. As a further answer and defense, he filed a cross-action against the plaintiff in which he sought an absolute divorce on the grounds of adultery and requested a jury trial.

On 8 April 1971, the date set for hearing, the defendant filed a "motion for consolidation and jury trial" in which, among other things, he asked the court to decree that "any in Chambers proceeding would be improper and null and void." He also specifically objected to both the time and site of the hearing in chambers to be held at 2:00 p.m. on 8 April 1971 before District Judge Crutchfield at the Union County Courthouse in Monroe, North Carolina, of which the defendant had previously been notified. It was further alleged that the defendant's attorney was scheduled to appear, and did in fact appear, in the trial of criminal matters in the District Court of Anson County in Wadesboro, North Carolina, on the same date, 8 April 1971.

Defendant's motion "for consolidation and jury trial" was denied in its entirety after the court found, among other things, that " . . . the defendant's attorney could have, if he so desired, attended this hearing . . . and was only attempting to delay and defeat the plaintiff's right to hearing . . . . "

The court then proceeded, in the absence of defendant's attorney, to hold a hearing and thereafter entered an order that the plaintiff have custody of the two minor children and that the defendant pay alimony *pendente lite,* child support, and attorney fees, and transfer to the plaintiff his rights in certain specified property.

In the order for child custody, child support, alimony *pendente lite* and attorney fees, the judge found the following

facts: (1) That notice of the hearing had been duly served on the defendant; (2) that the defendant's attorney had contacted the court requesting a continuance until May of 1971; (3) that defendant's attorney had stated that he was engaged in the trial of criminal cases in Anson County on the date of the hearing; (4) that the court had conferred with the attorneys for both the plaintiff and the defendant about setting a mutually agreeable time for the hearing and had suggested alternate dates of April 9th or 10th, but that the defendant's attorney would not agree to a date earlier than May 1971; (5) that the court had been advised that the session of Anson District Court on 8 April 1971 had adjourned in sufficient time for the defendant's attorney to have attended the hearing in Union County on that date; (6) that the hearing had been delayed "for some time" for the defendant's attorney but that he had failed to appear; (7) that the plaintiff was entitled to be heard; and (8) " . . . that after the trial of said case and the presentation of evidence by both plaintiff and defendant and after consideration of all the evidence, the court finds as a fact that both the plaintiff and the defendant are fit and proper persons to have the custody, control and care of the two minor children; namely: Lori Robin Austin, born January 15, 1964 and Kelly Karol Austin, born 25 November 1969. It is now, therefore, ordered adjudged and decreed that it would be to the best interest of said children and their welfare would be promoted that they remain with their mother . . . . "

On 16 April 1971 the defendant filed a motion to set aside the order awarding plaintiff custody and child support, alimony *pendente lite* and counsel fees, on the grounds that the defendant's motion for a continuance was improperly denied, in that defendant's attorney could not be present at the hearing on 8 April 1971. On 16 April 1971 Judge Crutchfield entered an order denying the motion. On 17 April 1971 defendant gave notice of appeal to the Court of Appeals from the order entered after the hearing on 8 April 1971 and from the denial of his motion to set aside the order.

*E. A. Hightower for plaintiff appellee.*

*Taylor & McLendon by Henry T. Drake for defendant appellant.*

MALLARD, Chief Judge.

[1] Defendant by assignment of error presents the question: "Did the court err in denying defendant's motion that Union County be declared an improper venue?" Venue, as used in G.S. Chap. 1, Art. 7, means a *place* where the trial of a cause may be held by a court with jurisdiction. *Lovegrove v. Lovegrove,* 237 N.C. 307, 74 S.E. 2d 723 (1953). Jurisdiction is the *power* of a court to hear and decide a legal controversy. McIntosh, N. C. Practice 2d, § 5. There is a fundamental procedural distinction between a trial on the merits and the hearing of a motion in the cause. This distinction is recognized in G.S. 7A-191 and G.S. 7A-192.

It is provided in G.S. 7A-191 that *"(a)ll trials on the merits* shall be conducted in open court and so far as convenient in a regular courtroom. *All other proceedings, hearings, and acts* may be done or conducted by a judge in chambers in the absence of the clerk or other court officials *and at any place within the district;* but no hearing may be held, nor order entered, in any cause outside the district in which it is pending without the consent of all parties affected thereby." (Emphasis added.)

The notice of the hearing on 8 April 1971 was a notification that plaintiff would make application to Judge Crutchfield *in chambers* in Union County for (1) custody of children, (2) reasonable subsistence for the children, (3) alimony without divorce, (4) reasonable subsistence for plaintiff, and (5) reasonable counsel fees pending the final determination of the action.

In G.S. 50-13.5 (h) it is provided that "(w)hen a district court having jurisdiction of the matter shall have been established, actions or proceedings for custody and support of minor children shall be heard without a jury by the judge of such district court, and may be heard at any time. * * * " Similar language relating to alimony *pendente lite* is contained in G.S. 50-16.8 (g). The defendant, therefore, is not entitled to a jury trial on the matter of custody and support of minor children or alimony *pendente lite.* G.S. 50-13.5 (h) and G.S. 50-16.8 (g). However, in order to have authority to act, the district judge, other than the chief district judge, must be properly authorized under the provisions of G.S. 7A-146 and G.S. 7A-192 to hold a session of court at which the matter is properly before him, or under G.S. 7A-192 to hear the matter in chambers.

In this case the parties were admittedly residents of Anson County. In the pleadings there is no allegation that the children were not residents of Anson County; in fact, there is an inference in paragraph 8 of the complaint that the children were living in Anson County with the mother. Therefore, this action for alimony, child support and child custody was properly instituted and pending in Anson County. G.S. 1-82; G.S. 7A-244; G.S. 50-13.5 (c) (f) ; and G.S. 50-16.8. While pending in Anson County, it could not be calendared for hearing on the merits in Union County, nothing else appearing. G.S. 7A-146 and G.S. 7A-193. See also Rule 2 of the General Rules of Practice for the Superior and District Courts. Judge Crutchfield had been assigned by the chief district judge to hold a "juvenile session" in Union County under G.S. 7A-146(1).

A hearing on motions in a cause comes within the purview of "all other proceedings, hearings and acts" referred to in G.S. 7A-191. This statute expressly and specifically provides that hearings may be held and orders entered in chambers by a district judge (with authority to act as provided in G.S. 7A-192) at any place within the district. Anson County, Stanly County, Richmond County, Union County and Moore County are all in the Twentieth Judicial District. G.S. 7A-41. The civil procedure provided in Chapters 1 and 1A of the General Statutes is applicable to the District Court Division of the General Court of Justice, except as otherwise provided in Chapter 7A of the General Statutes. G.S. 7A-193. *Boston v. Freeman,* 6 N.C. App. 736, 171 S.E. 2d 206 (1969).

We hold that the Union County Courthouse in Monroe, North Carolina, was a proper place wherein a district judge, with the power and authority under G.S. 7A-192 to hold hearings and decide motions in chambers, could hear and determine appropriate motions in an action pending in Anson County. *Boston v. Freeman, supra.*

The defendant in his motion for "consolidation and jury trial" objected to an in-chambers hearing and asked the court to decree that "any in chambers proceedings" in Union County be null and void. This objection was overruled in the general denial of the defendant's motion.

In his brief the defendant argues that the district judge was without authority to conduct this hearing outside the county

Austin v. Austin

in which the principal action was pending, and thereby questioned the power and authority of the judge to hear the matter.

Article IV, Section 12, subsection (4) of the Constitution of North Carolina concerns the jurisdiction of district courts and magistrates. It is provided therein that "(t)he General Assembly shall, by general law uniformly applicable in every local court district of the State, prescribe the jurisdiction and powers of the District Courts and Magistrates." Pursuant to this constitutional provision, the General Assembly prescribed by whom the power of the district court to enter interlocutory orders could be exercised by enacting G.S. 7A-192, which reads as follows:

> "*By whom power of district court to enter interlocutory orders exercised.*—Any district judge may hear motions and enter interlocutory orders in causes regularly calendared for trial or for the disposition of motions, at any session to which the district judge has been assigned to preside. *The chief district judge and any district judge designated by written order or rule of the chief district judge, may in chambers hear motions and enter interlocutory orders in all causes pending in the district courts of the district,* including causes transferred from the superior court to the district court under the provisions of this chapter. The designation is effective from the time filed in the office of the clerk of superior court of each county of the district until revoked or amended by written order of the chief district judge." (Emphasis added.)

We take judicial notice that F. Fetzer Mills, Edward E. Crutchfield, Walter M. Lampley, and A. A. Webb have been duly elected and have qualified as the four judges of the District Court of the Twentieth Judicial District and that F. Fetzer Mills has been duly designated as the Chief District Judge of the Twentieth Judicial District.

Under the provisions of the first portion of G.S. 7A-192, before a district court judge, other than the chief district judge, may hear motions and enter interlocutory orders at any session of district court in cases calendared for trial or hearing at such session, he must be first assigned by the chief district judge under the provisions of G.S. 7A-146(1) to preside at such session. In the case before us, the record reveals that Judge Crutch-

field was assigned to hold a "juvenile" session of court on 8 April 1971 in Union County. This case pending in Anson County was not calendared for disposition at the juvenile session of district court being held in Union County.

It is further provided by G.S. 7A-192 that in order for a district judge, other than the chief district judge, to be authorized to hear motions and enter interlocutory orders in chambers in all causes pending in the district courts of the district, he must at that time be designated as having the authority to do so by written order or rule of the chief district judge; further, in order for this authority to be effective, it must be filed in the office of the clerk of superior court of each county in the district. Upon being so filed, this authority remains in effect until revoked or amended by the chief district judge. There is nothing in the record before us which reveals that Judge Crutchfield was authorized in writing by Chief District Judge Mills to hear motions in chambers and enter interlocutory orders in all causes pending in the district courts of the district; and, if he was so authorized, the record fails to reveal that such was properly filed in the office of the clerk of superior court of each county of the district and that it had not been revoked or amended by written order of the chief judge.

The district court is, under the provisions of G.S. 7A-244, a court of general jurisdiction *for the trial* of civil actions and proceedings for annulment, divorce, alimony, child support, and child custody.

The statute conferring jurisdiction on the district courts makes a distinction between the jurisdiction of the district courts and the power and authority of a district judge other than the chief district judge to act. G.S. 7A-191 and G.S. 7A-192.

The question arises as to whether we may indulge in the presumption that Judge Crutchfield, while properly assigned to and holding a "juvenile" session of district court in Union County, had the power and authority to act upon the plaintiff's motion in this case pending in Anson County.

The general rule with respect to the necessity of jurisdiction appearing of record is set forth in 21 C.J.S., Courts, § 104, p. 157, as follows:

"It is generally not necessary that the record of a court of general jurisdiction show the existence of jurisdiction; but, in order for this rule to apply, it should appear from the record that the cause of action comes within the class of cases embraced within the general or ordinary jurisdiction of the court, and *the rule does not apply* where a statute confers special authority upon such a court, not to be exercised according to the course of the common law." (Emphasis added.)

In the case of *Beck v. Bottling Co.*, 216 N.C. 579, 5 S.E. 2d 855 (1939), it is said:

" * * * The general rule is that 'a *prima facie* presumption of rightful jurisdiction arises from the fact that a court of general jurisdiction has acted in the matter.' *S. v. Adams*, 213 N.C., 243, 195 S.E., 833; *Graham v. Floyd*, 214 N.C., 77, 197 S.E., 873. Yet, where its authority to act is limited, 'everything will be presumed to be without the jurisdiction which does not distinctly appear to be within it.' *Truelove v. Parker*, 191 N.C., 430, 132 S.E., 295."

See also *Eason v. Spence*, 232 N.C. 579, 61 S.E. 2d 717 (1950).

[2]   The authority of the district judge (other than the chief district judge) to hear motions and enter interlocutory orders in cases properly pending in the district court is a special authority which is limited by the provisions of Chapter 7A of the General Statutes and particularly by G.S. 7A-192. Therefore, there is no presumption that a district judge (other than the chief district judge) has authority in chambers to hear motions and enter interlocutory orders in all cases pending in the district courts of the district. Since it does not affirmatively appear in the record that Judge Crutchfield was authorized pursuant to G.S. 7A-192 to hear motions and enter interlocutory orders in chambers in cases pending in Anson County while assigned to and holding a session of "juvenile" court in Union County, we hold that the order entered by Judge Crutchfield herein, dated 8 April 1971, should be vacated and set aside.

[3]   The defendant also assigns as error the failure of the district court to make sufficient findings of fact to support its order for alimony *pendente lite* and counsel fees or its award of child custody and child support.

---

Austin v. Austin

---

G.S. 50-16.8(f), effective since 1967, provides that "(w)hen an application is made for alimony *pendente lite,* the parties shall be heard orally, upon affidavit, verified pleading, or other proof, and *the judge shall find the facts from the evidence so presented.*" (Emphasis added.) While the precise factual findings which must be made will vary depending upon the pleadings, evidence and circumstances of each case, the trial judge must make sufficient findings of the controverted material facts at issue to show that the award of alimony *pendente lite* is justified and appropriate. *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138 (1971); *Hatcher v. Hatcher,* 7 N.C. App. 562, 173 S.E. 2d 33 (1970); *Blake v. Blake,* 6 N.C. App. 410, 170 S.E. 2d 87 (1969).

In the case at bar, the district judge made insufficient factual findings as to the controverted material facts at issue. G.S. 50-16.3. There was no finding that the plaintiff was entitled to the relief demanded, or that she was the dependent spouse and lacked sufficient means for subsistence during the prosecution of this action and to defray the necessary expenses thereof, or that the defendant was the supporting spouse and had the ability to pay the award granted to the plaintiff.

[4] Furthermore, the defendant herein pleaded the adultery of the plaintiff in bar of her right to recover. No finding of fact was made with respect to this controverted and material issue. Although the requirement of G.S. 50-16.8(f) [that facts be found to support an award of alimony] is a new one imposed by the 1967 Act, it was established law even under former G.S. 50-16 that where the defendant or party from whom alimony was sought interposed the defense of adultery by the spouse seeking the alimony, as a bar to any recovery, the court was required to make a finding on the issue raised; and if found against the spouse seeking alimony, no award except for counsel fees was allowed. It was held that an award of temporary alimony without making any determination as to the validity of the plea of adultery constituted reversible error and required a rehearing of the application. *Creech v. Creech,* 256 N.C. 356, 123 S.E. 2d 793 (1962); *Williams v. Williams,* 230 N.C. 660, 55 S.E. 2d 195 (1949). The present statute, G.S. 50-16.6(a), is similar in language and import. Accordingly, we hold that when adultery is pleaded in bar of a demand for alimony or alimony *pendente lite,* an award or allowance of alimony *pendente lite*

will not be sustained in the absence of a finding of fact on the issue of adultery in favor of the party seeking such an award.

[5]   Neither do the facts found support the award of attorney fees. It is uncontroverted that G.S. 50-16.4 and G.S. 50-13.6 permit the entering of a proper order for "reasonable" counsel fees for the benefit of a dependent spouse, but the record in this case contains no findings of fact, such as the nature and scope of the legal services rendered, the skill and time required, *et cetera,* upon which a determination of the requisite reasonableness could be based. Compare, for example, the evidence and findings in *Stanback v. Stanback,* 270 N.C. 497, 155 S.E. 2d 221 (1967). See also *Stadiem v. Stadiem,* 230 N.C. 318, 52 S.E. 2d 899 (1949).

[6]   The defendant also contends that the court's findings of fact were insufficient to support the award of custody of the minor children to the plaintiff. As previously noted the civil procedure contained in Chapters 1 and 1A of the General Statutes is applicable to the district courts, except as otherwise provided in Chapter 7A of the General Statutes. Chapter 7A does not change the effect of G.S. 1A-1, Rule 52(a)(1), and therefore, it is necessary for the district judge who is authorized to hear a case involving the custody and support of minor children to find the facts specially and state separately his conclusions of law before entering an appropriate judgment. Judge Crutchfield found from the evidence that both the plaintiff and defendant were fit and proper persons to have custody but " . . . ordered, adjudged and decreed that it would be to the best interest of said children and their welfare that they remain with their mother . . . for the major portion of the time . . . . " Suffice it to say that although the findings of the trial court in regard to the custody of a child are conclusive when supported by competent evidence, "(w)hen the trial court fails to find facts so that the appellate court can determine that the order is adequately supported by competent evidence and the welfare of the child subserved, then the order entered thereon must be vacated and the case remanded for *detailed findings of fact.*" (Emphasis added.) *In re Moore,* 8 N.C. App. 251, 174 S.E. 2d 135 (1970). See also *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967) ; *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324 (1967).

The failure of the district court in this case to make adequate findings of fact is regard to its order for alimony *pendente lite* and counsel fees, as well as its order for custody and support of minor children, also requires that the order for custody, visitation and attorney fees of 8 April 1971 be vacated and the cause remanded to the District Court for Anson County.

[7] We do not deem it necessary to decide or discuss the other questions raised by the defendant, other than to say that it is a well-established rule that continuances are addressed to the sound discretion of trial judges and may be granted only for good cause shown and as justice may require. G.S. 1A-1, Rule 40(b). Attorneys, under the guise of having business requiring their presence elsewhere, ought not to be allowed to delay, defeat or prevent a litigant from having his case tried or being heard on a motion at some reasonably suitable and convenient time.

The result is that the "Order for Custody & Visitation & Attorney Fees" entered herein, dated 8 April 1971, awarding alimony *pendente lite,* counsel fees, and custody and support of the children, is vacated, and this cause is remanded to the District Court of Anson County.

Error and remanded.

Judges CAMPBELL and HEDRICK concur.