DONALD CRAVEN PRESSON v. NANCY C. PRESSON

No. 7126DC699

(Filed 15 December 1971)

1. **Divorce and Alimony § 18— alimony pendente lite — dependent spouse — insufficiency of findings**

   The trial court's findings that defendant-wife is a "dependent spouse" amounted merely to a conclusion which is not supported by a sufficient finding of fact where the court made factual findings as to the earnings of the parties, but made no findings of fact that the wife is either "substantially dependent" upon the husband for her maintenance and support or that she is "substantially in need of maintenance and support" from the husband. G.S. 50-16.1(3).

2. **Divorce and Alimony § 18— alimony pendente lite — insufficiency of findings**

   The trial court erred in awarding alimony pendente lite to the wife where the court made no factual findings or even conclusions (1) that the wife "is entitled to the relief demanded" in the action in which the application for alimony pendente lite was made and (2) that she "has not sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof." G.S. 50-16.3(a)(1), (2).

3. **Divorce and Alimony § 18— award of counsel fees — necessity for proper award of alimony pendente lite**

   An award of counsel fees to the wife under G.S. 50-16.4 cannot be sustained where the court's award of alimony pendente lite to the wife has been set aside because not supported by sufficient findings of fact.

4. **Divorce and Alimony §§ 23, 24—child custody and support — insufficiency of findings**

   The trial court erred in awarding custody of the minor children of the parties and in directing payments for their support absent appropriate findings based on competent evidence as to what provisions would best promote the welfare of the children and as to what were the reasonable needs of the children for health, education and maintenance.

APPEAL by plaintiff from *Abernathy, Chief District Judge,* 9 August 1971 Session of District Court held in MECKLENBURG County.

Plaintiff-husband filed complaint in this action on 28 June 1971 seeking an absolute divorce on the ground of one year's separation. On 15 July 1971 defendant-wife filed answer and cross-action, alleging that the separation was due to plaintiff's

misconduct and asking that she be awarded custody of three minor children, possession of the home, permanent and pendente lite support for herself and the children, and counsel fees. On 29 July 1971 the answer and cross-action, together with an order directing plaintiff to appear and show cause why the requested pendente lite relief should not be granted to defendant, were served on the plaintiff. On 11 August 1971 a hearing was held pursuant to the show cause order, at which the court refused to permit plaintiff to introduce evidence as to adultery on the part of defendant-wife, since no reply or affidavit alleging adultery had been filed prior to the hearing. The court heard evidence as to where the children had been residing and as to the earnings of the parties, and entered an order containing the following:

> "[T]hat for the purpose of this Order the Court finds as a fact that the Plaintiff has earned for the first six months of 1971, $5,913.29, that the Defendant is a beauty operator and has earnings of $100.00 to $125.00 per week depending on her commissions, that the Plaintiff has a guaranteed salary of $150.00 per week plus commissions, that the Defendant, for the purpose of this Order and not to be binding on the further hearing, is a dependent spouse; . . . "

On these findings of fact, the court adjudged that "for the purpose of this Order, the Defendant is a dependent spouse as provided by Chapter 50 of the General Statutes of the State of North Carolina," awarded custody of two of the children to defendant and custody of the third child to plaintiff, ordered that plaintiff continue to have possession of the home, and ordered plaintiff to make payments of alimony, child support, and attorney's fees pendente lite. The order directed that this matter be "continued for a period of sixty days to permit the Plaintiff to file a reply or other pleadings to allege any defense that he might have as to the Defendant's cross-action," and specified that "this Order is a temporary Order only and a full and complete hearing will be had at the end of sixty days hereof and a temporary Order then entered in compliance with the findings of the Court at that time."

To the entry of this order, plaintiff excepted and appealed.

*Hicks & Harris by Richard F. Harris III for plaintiff appellant.*

*Welling & Miller, by Charles M. Welling for defendant appellee.*

PARKER, Judge.

Appellant's assignments of error, challenging the validity of the order appealed from on the ground that the trial court made insufficient findings of fact to support its award of alimony pendente lite and counsel fees and its award of child custody and child support, must be sustained. By statute, G.S. 50-16.8 (f) "[w]hen an application is made for alimony pendente lite, the parties shall be heard orally, upon affidavit, verified pleading, or other proof, *and the judge shall find the facts from the evidence so presented.*" (Emphasis added.) "While the precise factual findings which must be made will vary depending upon the pleadings, evidence and circumstances of each case, the trial judge must make sufficient findings of the controverted material facts at issue to show that the award of alimony *pendente lite* is justified and appropriate." *Austin v. Austin,* 12 N.C. App. 286, 295, 183 S.E. 2d 420, 427.

[1] In the case now before us, the trial judge made insufficient findings of fact as to the controverted material facts at issue. While the court found and adjudged that defendant-wife in this case is a "dependent spouse," such a finding under the circumstances of this case amounted to no more than a conclusion which was unsupported by a finding of fact. As pointed out by Mallard, Chief Judge, in *Peoples v. Peoples,* 10 N.C. App. 402, 411, 179 S.E. 2d 138, 143, "[t]o find that one is a 'dependent spouse' within the meaning of G.S. 50-16.1(3) is a consequence of two or more related propositions taken as premises, one being the fact that the relationship of spouse exists, and the other consisting of at least the finding that one of the two alternatives in G.S. 50-16.1(3) is a fact." The two alternatives referred to in the statute are: (1) when one spouse "is actually substantially dependent upon the other spouse for his or her maintenance and support," and (2) when one spouse "is substantially in need of maintenance and support from the other spouse." Here, the trial court made factual findings as to the earnings of the parties, but made no finding of fact that the wife in this case is either "substantially dependent" upon her husband for

Presson v. Presson

her maintenance and support or that she is "substantially in need of maintenance and support" from her husband. Indeed, the factual findings which the court did make as to the earnings of the parties tend to negate a finding that either alternative exists. Thus, the finding in this case that defendant-wife is a "dependent spouse" amounted merely to a conclusion which is not supported by a sufficient finding of fact.

Even had there been sufficient factual findings to support the court's conclusion in this case that defendant-wife is a "dependent spouse," the court's factual findings would still have been insufficient to support the award of alimony pendente lite under G.S. 50-16.3 or to support the order for counsel fees under G.S. 50-16.4. Under G.S. 50-16.3(a) a dependent spouse who is a party to an action for divorce, annulment, or alimony without divorce, shall be entitled to an order for alimony pendente lite when:

"(1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8(f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made; and

(2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof."

[2, 3] Again as pointed out by Mallard, Chief Judge, writing the opinion of this Court in *Peoples v. Peoples, supra,* "[t]he two quoted sections of G.S. 50-16.3(a) are connected by the word 'and;' it is therefore mandatory that the grounds stated in both of these sections be found to exist before an award of alimony *pendente lite* may be made." In the order appealed from in the present case there are no factual findings or even any conclusions stated with respect to either. As to the grounds stated in the first section of G.S. 50-16.3(a), there should have been sufficient factual findings upon which the legal conclusion may be based that the dependent spouse "is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made." As to the grounds stated in the second section of G.S. 50-16.3(a), there should have been sufficient factual findings to establish "that the dependent spouse has not sufficient means whereon to subsist during the

prosecution or defense of the suit and to defray the necessary expenses thereof." Here, there was neither. Therefore, the award of alimony pendente lite was not supported by sufficient findings of fact and cannot be sustained. Under G.S. 50-16.4 an order for reasonable counsel fees for the benefit of a dependent spouse may be entered "[a]t any time that a dependent spouse would be entitled to alimony pendente lite pursuant to G.S. 50-16.3"; since the order here appealed from is deficient in findings to establish that defendant is entitled to alimony pendente lite pursuant to G.S. 50-16.3, the award of counsel fees under G.S. 50-16.4 is also unsupported and must be reversed.

[4] Absent appropriate findings based on competent evidence as to what provisions would best promote the welfare of the minor children of the parties and as to what were the reasonable needs of the children for health, education and maintenance, it was also error for the trial court to award custody of the children and to direct the payments for their support. *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77; *Swicegood v. Swicegood*, 270 N.C. 278, 154 S.E. 2d 324; *In re Moore*, 8 N.C. App. 251, 174 S.E. 2d 135.

The order appealed from is vacated and the cause remanded for further findings and determination.

Error and remanded.

Judges MORRIS and VAUGHN concur.