SHELIA KAREN KORNEGAY v. WILLIAM BURTON KORNEGAY

No. 725DC481

(Filed 23 August 1972)

**Divorce and Alimony § 18— award of alimony pendente lite — counsel fees — failure to make findings of fact — error**

The trial court erred in awarding plaintiff alimony *pendente lite* and counsel fees without making findings that plaintiff was a dependent spouse or that she was entitled to relief under G.S. 50-16.3(a)(1).

APPEAL by defendant from *Barefoot, Judge,* 7 February 1972 Session, District Court, NEW HANOVER County.

Plaintiff-wife filed complaint in this action on 28 January 1972 seeking alimony without divorce, alimony pendente lite and counsel fees. She alleged that defendant was an excessive user of alcohol, physically abused her on numerous occasions so as to endanger her life, and generally rendered her life intolerable and burdensome. Defendant denied the material allegations of the complaint, and a hearing was subsequently conducted

wherein the trial court heard testimony from plaintiff, defendant and their witnesses. Defendant appealed from the entry of an "Order for Alimony and Counsel Fees Pendente Lite" entered 17 February 1972 which contained the following:

"Upon the evidence presented, the court finds the following facts:

1. That the plaintiff and the defendant were married on the 29th day of January, 1971 and have lived together in New Hanover County, North Carolina, with the exception of several brief separations, since that date as husband and wife until January 21, 1972, at which time they ceased living together as husband and wife.

2. That the plaintiff is a dependent spouse and is entitled to reasonable support and maintenance for herself pendente lite.

3. That the plaintiff does not have sufficient means to support herself and to defray the expense of prosecuting this action and is thereby entitled to have the defendant pay her attorney's fees pendente lite.

BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW: That the plaintiff is entitled to reasonable support and maintenance for herself pendente lite and counsel fees pendente lite.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the defendant pay to the plaintiff the sum of Five Hundred ($500.00) Dollars for the separate maintenance and support of the plaintiff pending the final trial of this action, said Five Hundred ($500.00) Dollars to be payable One Hundred Fifty ($150.00) Dollars on March 1, 1972, One Hundred Fifty ($150.00) Dollars on April 1, 1972, One Hundred Fifty ($150.00) Dollars on May 1, 1972 and Fifty ($50.00) Dollars on June 1, 1972.

IT IS FURTHER ORDERED that the defendant pay to Robert White Johnson, counsel for the plaintiff, the sum of Two Hundred Fifty ($250.00) Dollars to apply upon attorney's fees pendente lite to be paid in the amount of Twenty-five ($25.00) Dollars on the 1st day of March, 1972 and a like amount to be paid on the 1st day of each

successive month thereafter until this amount has been paid in full."

*Crossley and Johnson, by Robert White Johnson, for plaintiff appellee.*

*James L. Nelson for defendant appellant.*

MORRIS, Judge.

The circumstances of this case are controlled by the previous decision of this Court in *Presson v. Presson,* 13 N.C. App. 81, 185 S.E. 2d 17 (1971). In order to avoid useless repetition, suffice it to say: the finding that plaintiff-wife was a "dependent spouse" amounted to a mere conclusion unsupported by a finding of fact; even if there had been, *arguendo,* sufficient findings to conclude plaintiff was a "dependent spouse," there were no findings upon which to conclude she was entitled to the relief demanded under G.S. 50-16.3(a)(1); and finally, since the order appealed from was deficient in findings to entitle plaintiff to alimony pendente lite, the award of counsel fees under G.S. 50-16.4 is also unsupported.

For erroneously failing to make specific findings, the order appealed from is vacated and the cause remanded.

Error and remanded.

Judges BROCK and HEDRICK concur.