SYBIL MANNING v. AMOS L. MANNING

No. 733DC703 and No. 733DC734

(Filed 12 December 1973)

1. Divorce and Alimony § 18— alimony pendente lite — dependent spouse — sufficiency of findings

In an action for alimony *pendente lite* and counsel fees, findings by the trial court as to the earnings of the parties were insufficient to support the court's conclusion that the wife was a dependent spouse without an additional finding that the plaintiff wife was substantially dependent upon her husband for her maintenance and support or that she was substantially in need of maintenance and support from her husband.

2. Divorce and Alimony § 18— alimony pendente lite — findings necessary to support award

Trial court's factual findings were insufficient to support an award of alimony *pendente lite* under G.S. 50-16.3 where there were no findings or conclusions with respect to whether plaintiff wife was entitled to the relief demanded by her in the action in which the application for alimony *pendente lite* was made or with respect to whether the wife had not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof.

3. Divorce and Alimony § 18— award of counsel fees — necessity for award of alimony pendente lite

Where the trial court's order was deficient in findings to establish that plaintiff was entitled to alimony *pendente lite* pursuant to G.S. 50-16.3, the award of counsel fees under G.S. 50-16.4 was also unsupported and must be reversed.

4. Divorce and Alimony § 23— child support — failure to make necessary findings

Where the trial court did not make appropriate findings based on competent evidence as to what were the reasonable needs of the parties' children for health, education and maintenance, it was error for the court to direct defendant to make payments for their support.

**5. Divorce and Alimony § 18; Rules of Civil Procedure § 8— alimony pendente lite — sufficiency of complaint**

    In an action for alimony *pendente lite,* counsel fees and child custody and support, plaintiff's complaint was insufficient and inadequate where it is alleged in the exact language of the alimony statute that defendant treated the plaintiff cruelly and offered indignities to her person but did not allege any specific act of cruelty or indignity committed by defendant.

APPEAL by defendant Amos Manning from *Roberts, District Judge,* at the 14 May 1973 Session of PITT County District Court.

This is an action for a legal separation, alimony pendente lite, counsel fees, child custody, child support, and division of personal property. The complaint alleges that the defendant, as supporting spouse, by cruel and barbarous treatment, endangered the life of the plaintiff dependent spouse within the meaning of North Carolina General Statute 50-16.2(6) and that the supporting spouse has offered such indignities to the person of the dependent spouse as to render her condition intolerable and life burdensome within the meaning of North Carolina General Statute 50-16.2(7).

The trial court found the following facts:

1. That the parties are properly before the Court and the Court has jurisdiction of all things and matters raised herein.

2. That plaintiff-wife is the dependent spouse as alleged in the Complaint and within the meaning of G.S. 50-16.1(3) *et seq.*

3. That defendant-husband is the supporting spouse as alleged in the Complaint.

4. That the husband is able-bodied and is making approximately $183.00 gross wages per week.

5. That the wife is unemployed and has no income.

6. That both the husband and wife are fit and proper persons to have custody of the minor children born of this marriage.

7. That pending further hearings and orders of this Court in this cause the plaintiff-wife is a fit and proper person to have temporary custody of the two minor children born of this marriage and that the welfare of the children would be best served if the plaintiff-wife is given temporary custody of the

minor children, to-wit: Amy Manning, age ten, and Allen Manning, age eight, pending further orders of this Court.

Based upon the above findings, the Court then ordered:

1. Plaintiff-wife was given temporary custody of the minor children.

2. The defendant-husband was given certain visitation rights.

3. That neither the defendant nor any member of his family should interfere with, "contact either directly or indirectly, follow or cause to be followed the Plaintiff wife."

4. Defendant to pay $75.00 a week into the office of the Clerk of Superior Court for the use and benefit of his wife and children.

5. Defendant to deliver possession of the 1965 Ford automobile to the plaintiff-wife and transfer the title to same to her.

6. The Pitt County Social Services Department to make an investigation of both parents with regard to the care of the minor children.

7. Both parties to go to Pitt County Mental Health clinic for family counseling at the expense of the defendant-husband.

8. The home belonging to the parties to be given to the wife for her exclusive use and occupancy.

9. The plaintiff-wife not to remove any items other than her personal items from the house.

10. Neither party to transfer title to any personal property or real property.

11. Defendant-husband to maintain hospital and medical insurance for his wife and children.

12. Defendant-husband to pay all costs incurred by plaintiff-wife and in addition thereto the sum of $200.00 as counsel fees for plaintiff's attorney.

13. The defendant nor any member of his family not to contact directly or indirectly, molest or bother the plaintiff-wife at her residence or any place she may be.

To the entry of this order, defendant excepted and appealed.

*David T. Greer for plaintiff appellee.*

*Crisp & Henderson by Nelson B. Crisp and Deborah A. Henderson for defendant appellant.*

CAMPBELL, Judge.

[1]   Defendant's assignments of error challenging the validity of the order on the grounds that the trial court made insufficient findings of fact must be sustained. "[T]he trial judge must make sufficient findings of the controverted material facts at issue to show that the award of alimony *pendente lite* is justified and appropriate." *Austin v. Austin,* 12 N.C. App. 286, 183 S.E. 2d 420 (1971).

This case is controlled by *Presson v. Presson,* 13 N.C. App. 81, 185 S.E. 2d 17 (1971), where this Court held that a mere finding that one party is a "dependent spouse" within the meaning of G.S. 50-16.1(3) is insufficient. Such a finding amounts to no more than a conclusion without the appropriate supporting findings of fact needed to satisfy G.S. 50-16.1(3) and G.S. 50-16.3(a). The *Presson* case, *supra,* holds that to find a spouse to be a "dependent spouse" there must be a finding that one of the two alternatives in G.S. 50-16.1(3) is a fact. The two alternatives referred to in the statute are: (1) when one spouse "is actually substantially dependent upon the other spouse for his or her maintenance and support," and (2) when one spouse "is substantially in need of maintenance and support from the other spouse." Here, the trial court made factual findings as to the earnings of the parties, but made no finding of fact that the wife in this case is either "substantially dependent" upon her husband for her maintenance and support or that she is "substantially in need of maintenance and support" from her husband. The finding that the wife is unemployed and that she has no income is not sufficient and the sparse record does not foreclose the possibilities suggested in G.S. 50-16.1(3) that the wife may be dependent upon and supported by someone other than her husband or that she may not need any support at all.

[2]   Even had there been sufficient factual findings to support the court's conclusion that plaintiff-wife is a "dependent spouse," the court's factual findings would still have been insufficient to support the award of alimony pendente lite under

G.S. 50-16.3 or to support the order for counsel fees under G.S. 50-16.4. Under G.S. 50-16.3(a) a dependent spouse who is a party to an action for divorce, annulment, or alimony without divorce, shall be entitled to an order for alimony pendente lite when:

> " (1)  It shall appear from all the evidence presented pursuant to G.S. 50-16.8(f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made, and
>
> (2)  It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof."

In the case at bar there were no findings or conclusions with respect to whether the dependent was "entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made" or with respect to whether the dependent spouse had "not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof."

[3]  Under G.S. 50-16.4 an order for reasonable counsel fees for the benefit of a dependent spouse may be entered "[a]t any time that a dependent spouse would be entitled to alimony pendente lite pursuant to G.S. 50-16.3"; since the order here appealed from is deficient in findings to establish that plaintiff is entitled to alimony pendente lite pursuant to G.S. 50-16.3, the award of counsel fees under G.S. 50-16.4 is also unsupported and must be reversed.

[4]  The trial court did not make appropriate findings based on competent evidence as to what were the reasonable needs of the children for health, education and maintenance. Therefore, it was also error for the trial court to direct the payments for their support without findings of fact from which it could be determined that the order was adequately supported by competent evidence. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967) ; *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324 (1967) ; *In re Moore,* 8 N.C. App. 251, 174 S.E. 2d 135 (1970) ; *Presson v. Presson, supra; Austin v. Austin, supra.*

Lastly the trial court failed to separately state and identify the allowances for alimony pendente lite and child support as required by G.S. 50-13.4(e).

In addition to what has been stated above with regard to the errors contained in the order which was entered, the defendant has presented an even more fundamental question in that the defendant moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim for relief. Actually the motion was intended to challenge the specificity of the claim for relief stated in the complaint. Rather than a motion to dismiss for failure to state a claim under Rule 12(b)(6), we feel that the motion should have been made under Rule 12(e) as being a more appropriate motion requiring a more definite statement of the claim for relief. We will therefore treat the motion as having been made under Rule 12(e).

To review this motion, this Court allowed a writ of certiorari in case No. 733DC734. The complaint alleged:

"8. That the supporting spouse by cruel and barbarous treatment on many occasions endangered the life of the dependent spouse within the meaning of North Carolina G.S. 50-16.2(6).

9. That the supporting spouse has offered such indignities to the person of the dependent spouse as to render her condition intolerable and life burdensome within the meaning of North Carolina G.S. 50-16.2(7)."

The defendant asserts that the complaint in the instant case has violated Rule 8(a) of the North Carolina Rules of Civil Procedure. While this Rule does not require detailed fact pleading, nevertheless, we hold that it does require a certain degree of specificity. "It is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant and the Court can obtain a fair idea of what the plaintiff is complaining, and can see that there is some basis for recovery." 2A, Moore's Federal Practice, Paragraph 8.13, 1705 (2d Ed.) " . . . For the true test is whether the pleading gives fair notice and states the elements of the claim plainly and succinctly, . . . " 2A, Moore's Federal Practice, Paragraph 8.13, 1700 (2d Ed.). Also, see, Wright & Miller, Federal Practice and Procedure, § 1215 at 112-13.

[5] In the instant case the complaint merely alleges that the defendant treated the plaintiff cruelly and offered indigni-

ties to her person, using the exact language of the alimony statute, but it does not (as required by Rule 8(a)) refer to any "transactions, occurrences or series of transactions or occurrences intended to be proved." It does not mention any specific act of cruelty or indignity committed by the defendant. It does not even indicate in what way defendant was cruel to plaintiff or offered her indignities. For all the complaint shows, the alleged cruelty and alleged indignities may consist of nothing more than occasional nagging of the plaintiff or pounding on a table. Such a complaint does not give defendant fair notice of plaintiff's claim. It is merely an "assertion of a grievance," (North Carolina Rules of Civil Procedure, Rule 8, Comment (a)(3)), and it does not comply with Rule 8(a). While the North Carolina Rules of Civil Procedure were primarily patterned after the Federal Rules, nevertheless, Rule 8(a) was also based in part on Section 3013 of the New York Civil Practice Law and Rules, and New York case law is relevant in interpreting this rule. *Sutton v. Duke,* 277 N.C. 94, 101, 176 S.E. 2d 161, 165 (1970). Also, see Note, 48 N.C.L. Rev. at 637-43. Under the New York rule a plaintiff seeking divorce on the ground of cruelty must allege specific acts of cruelty in the complaint. *Kaplan v. Kaplan,* 56 Misc. 2d 860, 290 N.Y.S. 2d 345 (Sup. Ct. 1968), *aff'd,* 31 App. Div. 2d 247, 297 N.Y.S. 2d 881 (1969).

We hold that in the instant case the complaint was not adequate and sufficient, and the motion of the defendant, when treated as a motion under Rule 12(e) should be granted; and to that end the case is remanded to the trial court for an order to the plaintiff to file an amended complaint within a specified time or else the case be dismissed.

Error and remanded.

Chief Judge BROCK and Judge PARKER concur.