Hood v. Hood

_____

GURNEY THOMAS HOOD v. DIANNE H. HOOD

No. 745DC852

(Filed 4 December 1974)

1. **Divorce and Alimony § 16— trial without jury — evidence of settlement negotiations — admission erroneous**

    In this action by the husband for a divorce from bed and board where the wife counterclaimed for alimony, custody, and child support, it was error, even though the trial was conducted before the judge without a jury, to permit the wife to testify as to settlement negotiations which had been conducted between the parties in an effort to compromise the case.

2. **Divorce and Alimony § 16— alimony and child support — insufficient findings by trial court**

    Trial court's conclusion that defendant wife was the dependent spouse was unsupported by findings of fact, and findings of fact as to the husband's earning capacity and ability to pay alimony and support, the reasonable needs of the children for health, education and maintenance, reasonable counsel fees of the wife and the necessity that same be paid by the husband rather than by the wife were insufficient.

---

Hood v. Hood

---

APPEAL by plaintiff from *Barefoot, District Judge,* 23 April 1974 Session, NEW HANOVER County, General Court of Justice, District Court Division. Heard in the Court of Appeals 21 November 1974.

This action was instituted by the plaintiff (husband), for a divorce from bed and board. The defendant (wife), filed an answer, together with a counterclaim, for alimony, custody, and child support.

At the trial, upon its merits, the husband stipulated that he had abandoned the wife, and the trial was conducted before the judge without a jury.

The parties were married 2 May 1964, and there were two children born of the marriage, a daughter born 7 January 1966, and a son born 28 April 1971.

The judge found that the wife was the dependent spouse and the husband the supporting spouse. It was ordered that the wife and children have exclusive possession of the home; that the husband pay the monthly payments thereon to the savings and loan association; that the husband continue to maintain and pay the premiums on seven life insurance policies; that the husband pay alimony to the wife in the amount of $50.00 each week and for child support the sum of $50.00 each week for each child; that in the event the husband failed to keep up any of the payments, the same should constitute a lien upon any interest in real estate he might have; that the husband maintain hospital insurance and be responsible for all dental and medical bills of the children; that the wife be given possession of an automobile owned by the husband; that the husband pay attorney's fees to the wife's attorney in the amount of $500.00; that the wife have care and custody of the two minor children subject to reasonable visitation rights for the husband upon reasonable notice to the wife; that upon liquidation of a business owned by the husband and the sale of the real estate on which it was situated, that the proceeds therefrom be divided equally between the husband and the wife.

From this judgment, the plaintiff-husband appealed.

*Poisson, Barnhill & Butler by Algernon L. Butler, Jr., for plaintiff appellant.*

*James L. Nelson and James D. Smith for defendant appellee.*

Hood v. Hood

CAMPBELL, Judge.

[1] The husband assigns as error evidence introduced by the wife pertaining to settlement negotiations which had been conducted between the parties without a final agreement being consummated. While the rules of evidence are not as strictly enforced where the judge hears a case without the intervention of a jury, nevertheless, evidence which is obviously incompetent should not be permitted even in such a hearing. 2 Stansbury's N. C. Evidence, § 180 (Brandis Rev. 1973). In the instant case it was error to permit the wife to testify as to settlement negotiations which had been conducted between the parties in an effort to compromise the case.

[2] The husband also assigns as error a purported finding of fact as follows:

"2. That the defendant is a dependent spouse and the plaintiff the supporting spouse within the meaning of Chapter 50 of the North Carolina General Statutes."

This did not amount to a finding of fact and was no more than a conclusion which was unsupported by a finding of fact. *Presson v. Presson,* 13 N.C. App. 81, 185 S.E. 2d 17 (1971). The judgment in the instant case was deficient in other aspects for that there were insufficient findings of fact as to the husband's earning capacity and ability to pay alimony and support. Neither were there appropriate findings as to what were the reasonable needs of the children for their health, education and maintenance, nor were there appropriate findings of fact as to the reasonable counsel fees of the wife and of the necessity that same be paid by the husband rather than by the wife from her own sources of income. *Manning v. Manning,* 20 N.C. App. 149, 201 S.E. 2d 46 (1973) ; *Morgan v. Morgan,* 20 N.C. App. 641, 202 S.E. 2d 356 (1974).

The judgment and order appealed from is vacated and the cause remanded for a new hearing and determination.

Error and remanded.

Chief Judge BROCK and Judge HEDRICK concur.