BROOME v. BROOME

[112 N.C. App. 823 (1993)]

—————————————

BETTY CONDOR BROOME v. EDGAR VESS BROOME

No. 9220DC1033

(Filed 7 December 1993)

1. **Attorneys at Law § 38 (NCI4th)— motion of attorney to withdraw—denial proper**

The trial court did not err in denying the motion by defendant's counsel to withdraw from the case, since defendant's lack of assistance alone was insufficient to show justifiable cause.

**Am Jur 2d, Attorneys at Law §§ 173, 174.**

2. **Divorce and Separation § 119 (NCI4th)— classification of property as marital—no error**

The trial court properly classified as marital property (1) a lot on Lake Wateree, since it was bought during the marriage and defendant could provide no proof that it was paid for with funds inherited from his father; (2) items bought from defendant's mother's estate, since there was no evidence that defendant paid for the items with his separate funds; and (3) an automobile which defendant alleged he bought during one of the parties' many separations, since defendant bought the car during the marriage and before the final separation leading to the divorce which triggered the equitable distribution of marital property.

**Am Jur 2d, Divorce and Separation §§ 880 et seq.**

Appeal by defendant from judgment entered 14 May 1992 by Judge Kenneth W. Honeycutt in Union County District Court. Heard in the Court of Appeals 28 September 1993.

Plaintiff Betty Condor Broome brought this action on 12 October 1989, seeking an absolute divorce from defendant Edgar Vess Broome. At the time of the hearing, plaintiff was 62 years of age and employed by K-Mart, and defendant was 65 years of age. Defendant had retired from Kanawha Insurance in 1980 or 1981, at which time he had opened his own insurance business. In July 1989, defendant had sold his business. On 16 November 1989, plaintiff filed an amendment to the complaint seeking equitable distribution of marital property pursuant to N.C. Gen. Stat. § 50-20 (1987). In March 1992, after the parties' absolute divorce, the trial court held a hearing on plaintiff's claim for equitable distribution. Following that hearing, the trial court entered an order which, among other things: (1) classified certain property, including real property on Lake Wateree, a Cadillac Eldorado, and particular items of personal property, as marital; (2) determined that an equal distribution of property was equitable; and (3) ordered defendant to pay plaintiff the sum of $44,719.99 plus interest. From this distribution award, defendant appeals.

*Robert L. Huffman for defendant-appellant.*

*Perry and Bundy, by H. Ligon Bundy, for plaintiff-appellee.*

McCRODDEN, Judge.

On appeal, defendant raises (I) certain evidentiary and procedural issues, (II) issues pertaining to the classification of certain property as marital, and (III) the trial court's division of the marital property.

I.

Defendant contends that the trial court erred in denying his counsel's motion to withdraw from the case and his motions to continue the case and to introduce his equitable distribution affidavit into evidence. We find these arguments meritless.

[1] We first address whether the trial court erred in denying the motion by defendant's counsel to withdraw from the case. At the equitable distribution hearing, defendant's attorney requested that the court enter an order allowing him to withdraw as counsel,

## BROOME v. BROOME

[112 N.C. App. 823 (1993)]

stating that defendant was not adequately assisting him in preparing for trial. An attorney, however, may not withdraw from a case without (1) justifiable cause, (2) reasonable notice to the client, and (3) permission of the court. *Smith v. Bryant*, 264 N.C. 208, 211, 141 S.E.2d 303, 305 (1965). Defendant has failed to articulate reasons in his brief why the trial court should have allowed the motion to withdraw. Defendant's lack of assistance alone was not sufficient to show justifiable cause, thus enabling counsel to withdraw from the case on the day that the matter was to be tried.

Likewise, we overrule defendant's argument that the court erred in denying his motion for a continuance of the hearing. A motion for continuance is addressed to the sound discretion of the trial judge and may be granted only for good cause shown and as justice may require. N.C. Gen. Stat. § 1A-1, Rule 40(b) (1990); *Austin v. Austin*, 12 N.C. App. 286, 297, 183 S.E.2d 420, 428 (1971). In the instant case, defendant has failed to make any showing of good cause why a continuance was necessary. On the contrary, the record reveals that defendant had ample notice of the trial date and previously had received a continuance. Defendant has provided, and we find, no good cause justifying an additional continuance. Hence, the trial court did not abuse its discretion in denying defendant's second motion for a continuance.

Defendant's challenge to the trial judge's refusal to allow him to introduce his equitable distribution affidavit into evidence is also without merit. The trial judge had ordered defendant to file his equitable distribution affidavit and serve it upon plaintiff no later than 27 March 1992. The judge stated in the order that, if defendant failed to do so, the classification and valuation of property would be determined as set forth in plaintiff's affidavit. Disregarding this order, defendant did not file or serve his affidavit on plaintiff by 27 March. Nonetheless, at trial he moved to introduce his equitable distribution affidavit into evidence, a motion the trial court properly denied. Moreover, in view of the fact that the trial court allowed defendant to testify at the hearing as to the information contained in his affidavit, we find that he has no cause to complain about the exclusion of the affidavit.

II.

[2] Defendant next challenges the trial court's classification as marital property of (1) the Lake Wateree property, (2) items of personal property defendant alleges he bought with funds from

an inheritance from his father's estate, and (3) a 1976 Cadillac Eldorado. The trial court must classify property as either marital or separate depending upon proof as to the nature of the assets. *Atkins v. Atkins*, 102 N.C. App. 199, 206, 401 S.E.2d 784, 787 (1991). We rule that the court properly classified the property as marital.

N.C.G.S. § 50-20(b)(1) defines "marital property" as all real or personal property acquired by either spouse or both spouses during the course of marriage and before the date of separation of the parties, and presently owned, except property determined to be separate property. "Separate property" means all real and personal property acquired by a spouse before marriage or by bequest, devise, descent or gift during the course of the marriage. N.C.G.S. § 50-20(b)(2). Property acquired in exchange for separate property is separate property, as is income derived from separate property and increases in value of separate property. *Id.; see McLeod v. McLeod*, 74 N.C. App. 144, 147-48, 327 S.E.2d 910, 913, *cert. denied*, 314 N.C. 331, 333 S.E.2d 488 (1985). Effective 1 October 1991, the North Carolina General Assembly created a marital property presumption by rewriting section 50-20(b)(1) to add the following language: "It is presumed that all property acquired after the date of marriage and before the date of separation is marital property except property which is separate property under subdivision (2) of this subsection. This presumption may be rebutted by the greater weight of the evidence." N.C. Gen. Stat. § 50-20(b)(1) (Supp. 1992); *see* 2 Reynolds and Craig, *North Carolina Family Law* § 169.8 (5th Ed. Supp. 1993).

Defendant argues that the property on Lake Wateree in Kershaw County, South Carolina is his separate property since it was acquired by him in 1979, during the marriage, but with his separate funds. At the hearing defendant claimed that, knowing that he would receive an inheritance from his father's estate, he had borrowed funds from the Bank of Lancaster to purchase the Wateree property. Defendant acknowledges in his brief that both he and plaintiff had signed the promissory note for the loan, but alleges that he paid off the loan with his separate inheritance funds. Defendant, however, conceded that he had no documents or cancelled checks to prove the source of the funds used to pay off the loan. He did refer to the deed for the Wateree property which is titled only in his name as support for his argument that the land is his separate property. This reference is not persuasive.

*Johnson v. Johnson*, 317 N.C. 437, 444, 346 S.E.2d 430, 434 (1986). Since the property was acquired while plaintiff and defendant were still married, defendant had to rebut the marital property presumption by the greater weight of the evidence. This he has failed to do. We, therefore, find no error in the trial court's conclusion that the Lake Wateree property is marital.

Defendant further argues that certain personal property acquired during the marriage was erroneously classified as marital property. Specifically, defendant refers to "numerous items" that he bought from his mother's estate, as well as a 1976 Cadillac Eldorado. Although he testified that he inherited $2,591.67 from his mother's estate and "bought numerous items from [his] mother's estate and paid $500.00 for them," the record is devoid of any indication that he paid for these items with his separate funds. In the absence of such evidence, the presumption that items purchased during the marriage were purchased with marital funds remains intact. N.C.G.S. § 50-20(b)(1).

Defendant maintains that the Cadillac Eldorado was his separate property because it was purchased during "one of . . . [the] many separations" of the parties. Section 50-20(b)(1) states that property acquired by either spouse during the course of the marriage and before *the* date of separation is marital property. We read this language to mean the separation leading to the divorce which triggers the equitable distribution of marital property. Hence, since defendant purchased this car during the marriage and before the date of the parties' final separation, the trial court properly classified it as marital property.

### III.

In defendant's final arguments, he contends that the court erred in equally dividing the marital property between plaintiff and defendant and in providing a distributive award to plaintiff. These contentions are also without merit.

Section 50-20(c) provides that the court must divide marital property equally unless it determines that such division is not equitable. Although the court found that an equal division of property was equitable, defendant contends that an equal division was not appropriate because of his physical condition, age, and ability to earn an income which, he contends, the trial court did not consider. Although these may be factors for the court to consider,

CHARLOTTE-MECKLENBURG HOSPITAL AUTH. v. FIRST OF GA. INS. CO.

[112 N.C. App. 828 (1993)]

see N.C.G.S. § 50-20(c), defendant has neglected to explain why his physical condition, age, and ability to earn an income would require an unequal distribution of property. In fact, he declares in his brief that he "can cite no case to sustain his position, and further argument would be specious." Thus, we find no error in the equal division of marital property.

Defendant's challenge to the distributive award to plaintiff in the amount of $44,719.99 relies upon his assertion that the Lake Wateree property was his separate property. Since we have ruled that the trial court properly classified this property as marital, we accordingly overrule this argument.

We also find no merit in defendant's remaining assignments of error.

No error.

Judges JOHNSON and COZORT concur.