BEATRICE E. CONRAD v. WOODROW W. CONRAD

No. 7721DC140

(Filed 17 January 1978)

**1. Divorce and Alimony § 21.3— noncompliance with alimony order—insufficient findings concerning wilfulness**

The trial court's sole finding of fact that defendant had $101.39 in his checking account was insufficient to support the court's conclusion that defendant's noncompliance with an alimony order was not wilful.

**2. Divorce and Alimony § 21.1— hearing on noncompliance with alimony and support order—suspension of support payments—error**

In a hearing for defendant to show cause why he should not be held in contempt for wilful failure to comply with a court order to pay alimony and support, the trial court's suspension of the support payments without proper motion and without notice deprived plaintiff of her property rights without due process.

APPEAL by plaintiff from *Alexander (Abner), Judge.* Order entered 27 December 1976, in District Court, FORSYTH County. Heard in the Court of Appeals 7 December 1977.

Plaintiff filed this action 23 June 1959 seeking alimony without divorce. On 12 August 1960, an order was entered directing defendant to pay $300 per month to plaintiff. The record reflects that, on occasions since the August 1960 order, defendant has been ordered to show cause why he should not be held in contempt for violation of that order and that defendant has been unsuccessful in attempting to have the court decrease his payments.

In October 1976, plaintiff initiated the present proceeding by alleging that defendant had failed to make payments for August and September of that year. A show cause order was issued, and at the hearing defendant offered evidence the pertinent parts of which are found in this opinion.

On 28 December 1976, the court entered an order finding that on 15 August 1976 defendant had the means to comply with the 1960 order but that he thereafter lacked the means to comply. Defendant was given until 20 March 1977 to pay the August 1976 payment, and further monthly payments were suspended until further ordered by the court. Plaintiff appeals.

*Hudson, Petree, Stockton, Stockton & Robinson, by George L. Little, Jr. and Steven E. Philo, for plaintiff appellant.*

*Sapp and Mast, by Robert H. Sapp, for defendant appellee.*

ARNOLD, Judge.

Two questions are raised by plaintiff's appeal. The first question, whether the trial court erred in failing to find defendant in contempt for wilful refusal to make alimony payments, will not be discussed since we find that the findings of fact by the trial court do not support the conclusion and the matter must be remanded. Upon remand if the court finds that defendant had the present means to comply with the August 1960 order but deliberately refused to comply, then defendant may be found in contempt. (*See* G.S. 50-16.7(j); *Bennett v. Bennett*, 21 N.C. App. 390, 204 S.E. 2d 554 (1974).)

[1] From this record there is evidence that defendant had no savings account and only $109 in his checking account. He owns a house valued (for tax purposes) at $50,000, and he has spent approximately $20,000 during the past five years remodeling the house. Defendant also possessed, at the time of the hearing, a one

year old Cadillac. While his insurance business has declined, defendant received a salary of $1200 per month from January through October 1976, and in August 1976, he received a $4000 bonus, none of which was received by plaintiff.

Despite all this evidence the only finding of fact by the trial court was that defendant had a bank balance of $101.39. There should be findings of fact supported by competent evidence concerning defendant's property and earning capacity to enable appellate review of the trial court's conclusion that defendant's noncompliance was not wilful.

[2] Plaintiff also contends that the trial court erred in suspending defendant's obligation to make alimony payments due after the 15 August 1976 payment. She is correct. The court, on its own motion and without notice to plaintiff, cannot transform a hearing for defendant to show cause why he should not be held in contempt for wilful failure to comply with a court order to pay alimony and support into a hearing for modification of such order.

The hearing in this cause was held pursuant to an order for defendant to show cause why he should not be held in contempt for violation of the 12 August 1960 order requiring defendant to pay alimony. Defendant filed no motion in the cause to modify the order. G.S. 50-16.9. Yet the trial court in its 28 December 1976 order suspended all alimony payments beginning with the payment due 15 September 1976 until further orders by the court. Suspension of the support payments without proper motion and without notice deprived plaintiff of her property rights (*Hinkle v. Hinkle*, 266 N.C. 189, 146 S.E. 2d 73 (1966)) without due process as required by the Fourteenth Amendment to the United States Constitution and Article I, Sec. 19 of the North Carolina Constitution.

Order of the trial court is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

Judges MORRIS and HEDRICK concur.