ARZELL COCKERHAM MOORE v. WILLIAM LAMON MOORE, SR.

No. 7721DC486

(Filed 4 April 1978)

1. Divorce and Alimony § 24.4— child support order—enforcement by contempt —findings required

   The trial court did not err in finding defendant in contempt of court for failing to transfer title to a 1973 Oldsmobile to plaintiff pursuant to an earlier order of the court for child support, and the court was not first required to make a specific finding that defendant had the present ability to comply with the court order.

2. **Divorce and Alimony § 24.3— child support order—lump sum payment—award of automobile—order not void**

A child support order was not void on its face because it denied plaintiff alimony, awarded lump sum child support payments, and then ordered defendant to convey title to an automobile to plaintiff without designating the transfer of title as a child support award; moreover, G.S. 50-13.4(e) requiring that allowances for child support and alimony be separately stated and identified was inapplicable, since the court's order expressly stated that plaintiff was not entitled to alimony.

3. **Divorce and Alimony § 24.1— child support—lump sum payment—award of automobile—methods of payment not mutually exclusive**

Defendant's contention that methods of payment under G.S. 50-13.4(e) are mutually exclusive and that the trial court was therefore without authority in ordering both a lump sum payment and transfer of car title as child support is without merit since the court is not limited to ordering one method of payment to the exclusion of others provided in the statute.

APPEAL by defendant from *Alexander, Judge.* Order entered 27 April 1977 in District Court, FORSYTH County. Heard in the Court of Appeals 9 March 1978.

Plaintiff instituted contempt proceedings against defendant to enforce a child support order entered 15 December 1975. The alleged grounds for contempt were defendant's failure to pay the sum of $375.00 per month child support and defendant's failure to transfer title to plaintiff of a jointly-owned 1973 Oldsmobile automobile as ordered by the court. Defendant filed a reply to plaintiff's motion in which he alleged that since the 15 December 1975 motion denied alimony to the plaintiff, the order to transfer title to the Oldsmobile was beyond the power of the court because such an award would constitute alimony. Judge Alexander found that defendant had brought his arrearages in child support payments up-to-date, but further decreed that defendant was in willful contempt of court for not transferring title to the 1973 Oldsmobile to plaintiff. There was no specific finding that defendant had the present ability to transfer the car title. Defendant has appealed to this Court.

*Harold R. Wilson, for plaintiff appellee.*

*Westmoreland and Sawyer, by Barbara C. Westmoreland, for defendant appellant.*

WEBB, Judge.

[1]   Defendant first contends that it was error for Judge Alexander to hold him in contempt of court without specifically finding as a fact that defendant had the present ability to comply with the 15 December 1975 order. In support of his contention, defendant relies on *Cox v. Cox*, 10 N.C. App. 476, 179 S.E. 2d 194 (1971) and *Bennett v. Bennett*, 21 N.C. App. 390, 204 S.E. 2d 554 (1974) which state the general rule that before the court can punish a defendant as for contempt it must find that the defendant presently possesses the means to comply and willfully refuses to comply with the court's order. We believe the facts of this case are distinguishable from *Cox, Bennett* and other cases reciting the general rule. *Cox, Bennett* and a plethora of other cases with similar holdings emerged from the factual setting of a supporting spouse failing to make alimony or child support payments in the amounts established by court order. *See Gorrell v. Gorrell*, 264 N.C. 403, 141 S.E. 2d 794 (1965); *Mauney v. Mauney*, 268 N.C. 254, 150 S.E. 2d 391 (1966); *Ingle v. Ingle*, 18 N.C. App. 455, 197 S.E. 2d 61 (1973); *Fitch v. Fitch*, 26 N.C. App. 570, 216 S.E. 2d 734 (1975); *Goodson v. Goodson*, 32 N.C. App. 76, 231 S.E. 2d 178 (1977); *Conrad v. Conrad*, 35 N.C. App. 114, 239 S.E. 2d 862 (1978). *Gorrell, Mauney* and *Fitch* also follow the established rule that the court must make an investigation into the current financial status of the defendant to determine if he has the present ability to pay the amounts set by order of the court. This appeal, in contrast, does not concern the ability to pay awarded sums. Defendant in his reply did not defend his actions on the basis of his inability to transfer title to the automobile. Instead, he tries to justify his refusal to obey the court's order on the grounds that the court was awarding alimony and not child support when it ordered the title transferred. We hold that under the facts of this case, Judge Alexander was not required to make a specific finding that defendant had the present ability to comply with the court order, but we further find that there was sufficient evidence before the judge from which he could reasonably conclude that defendant had the present ability to transfer title to the 1973 Oldsmobile automobile to plaintiff.

[2]   Defendant next contends that he cannot be punished as for contempt for disobeying a court order that was void *ab initio*. He argues that the order is void on its face because after denying

that plaintiff was entitled to alimony in paragraph 1 and awarding lump sum child support payments in paragraph 3, the court then ordered the defendant in paragraph 5 to convey title to the 1973 Oldsmobile without designating the transfer of title as a child support award. Defendant relies on *Manning v. Manning*, 20 N.C. App. 149, 201 S.E. 2d 46 (1973) which held that the court errs when it fails to separately state and identify the allowances for alimony or alimony *pendente lite* and child support as required by subsection (e) of G.S. 50-13.4. We do not believe *Manning* is controlling. In *Manning*, both alimony and child support were awarded. Here, paragraph 1 of the order expressly stated that the plaintiff was not entitled to alimony. G.S. 50-13.4(e) provides in part:

". . . In every case in which payment for the support of a minor child is ordered and alimony or alimony pendente lite is *also ordered*, the order shall separately state and identify each allowance." (Emphasis added.)

In the setting of this case, the court was not required to separately state the identity of the allowances since plaintiff had been denied alimony; *i.e.*, this case was not one in which alimony was "also ordered."

[3]  Defendant further contends that methods of payment under G.S. 50-13.4(e) are mutually exclusive and, therefore, the court was without authority in ordering both a lump sum payment and transfer of car title as child support. We disagree with defendant's construction of the statute. G.S. 50-13.4(e) also provides in part:

"Payment for the support of a minor child shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property of any interest therein, or a security interest in real property, as the court may order."

We hold that the court is not limited to ordering one method of payment to the exclusion of the others provided in the statute. The Legislature's use of the disjunctive and the phrase "as the court may order" clearly shows that the court is to have broad discretion in providing for payment of child support orders.

For the above stated reasons, the contempt order is

Affirmed.

Judges PARKER and VAUGHN concur.