LINDA M. LEE (NOW WILBER), PLAINTIFF PETITIONER v. WILLIAM F. LEE, DEFENDANT RESPONDENT

No. 7726DC642

(Filed 1 August 1978)

1. Contempt of Court § 6.2— violation of child visitation order—willfulness

The evidence supported the trial court's judgment holding plaintiff in contempt for defying a child visitation order "willfully and without legal excuse or justification," and her violation of the order was not justified by the fact that when plaintiff took her daughter to defendant's apartment on one occasion she found that the apartment was in a state of disarray and that defendant looked disheveled and had bloodshot eyes and alcohol on his breath.

2. Contempt of Court § 6.2— violation of child visitation order—present ability to comply

The trial court was not required to find that plaintiff had the present ability to perform in accordance with a child support order in order to hold plaintiff in contempt for failure to comply with such order; however, there was plenary evidence in this contempt proceeding to justify a finding of a present ability to comply.

3. Contempt of Court § 6; Divorce and Alimony § 25.7— show cause hearing— modification of child visitation order

The trial court was without authority to transfer a show cause hearing as to why plaintiff should not be held in contempt for violation of a child visitation order, on its own motion and without notice to the plaintiff, into a hearing on the issue of modification of defendant's visitation rights as set forth in prior orders.

APPEAL by plaintiff from *Brown, Judge.* Judgment entered 7 and 12 April 1977 in District Court, MECKLENBURG County. Heard in the Court of Appeals 3 May 1978.

The plaintiff and defendant herein were awarded an absolute divorce in 1973. The plaintiff wife was awarded custody of their two minor daughters with the defendant husband to have monthly weekend visitation rights. The terms of these visitation rights were set forth initially in a consent order entered 21 May 1974. By a subsequent consent order entered 3 September 1975, the terms of the prior order, including the visitation rights of the defendant, were modified.

The defendant's visitation rights under the 3 September 1975 order included the right to have the two minor daughters visit with him on the fourth weekend of each calendar month, at least half of all holidays and an additional period of at least four days during the summer months. The visitation rights were somewhat different as to each minor daughter. The monthly visitation of the younger daughter was to be from 6:00 p.m. on Friday until 5:00 p.m. on Sunday. The monthly visitation of the elder daughter was to be from 12:00 noon until 5:00 p.m. on the Sundays when the younger child was visiting. The defendant was to furnish their transportation both ways.

The defendant husband filed a motion in the cause on 11 January 1977 seeking to have the plaintiff wife held in contempt for willful failure to allow him to exercise his visitation rights in accordance with the 3 September 1975 order. A hearing was held on 4 April 1977 to resolve the issues raised by the defendant's allegations. At the hearing the defendant's evidence tended to show that, since August of 1976 he has seen his elder daughter only about five hours per month and his younger daughter seven or eight hours per month, notwithstanding his regular requests for visitation and attempts to visit. The children have indicated that they wish to visit with him and, although the elder daughter is in college and cannot visit frequently, he would like to visit with his younger daughter more frequently.

The defendant's evidence further tended to show that he is presently on medical disability for anxiety and is being treated by a psychotherapist through group therapy. He also is treated periodically for high blood pressure. The defendant's condition does not interfere with his "parenting ability." Although he takes medication and has been drunk on occasion over the past years, he has never been drunk while his children were visiting.

The defendant's evidence additionally tended to show that, he moved to a new apartment in December, 1976, where he does his own housekeeping and laundry. He cleans the apartment three times a week. He was not evicted from his former apartment for poor housekeeping habits although, during August and September of 1976, the apartment was in need of cleaning. His daughters have never indicated to him that they were afraid to stay with him and have treated him with affection.

The plaintiff offered evidence tending to show that she took the younger daughter to the defendant's apartment during September of 1976. On that occasion the apartment was in a state of disarray, and the defendant looked disheveled, had bloodshot eyes, slurred speech and alcohol on his breath. As a result, she felt the defendant was in no condition to take care of the child and refused to allow her to stay. Since that time the plaintiff has only allowed the younger daughter to visit for a few hours at a time and not overnight. During these short visits with the defendant, the plaintiff has waited in her car for the child. The child does not like to visit overnight now that the elder daughter is in college and does not visit at the same time.

The plaintiff's evidence further tended to show that in August or September, 1976, the resident manager inspected the defendant's apartment following complaints from other tenants. She testified that the apartment was dirty and unkempt. Upon request, the defendant had the apartment cleaned and exterminated. Thereafter he had it cleaned weekly by a professional cleaning service. Although the defendant subsequently kept his apartment clean, he was asked, for other reasons, to leave the apartment in December, 1976.

On 7 April 1977 the trial court made findings which are summarized as follows:

The plaintiff complied with the visitation schedule of the 3 September 1975 order through August, 1976. In September, 1976, however, the plaintiff took the younger daughter to the defendant's apartment and found the apartment to be in a deplorable condition with the defendant depressed, upset and crying. As of 7 April 1977, the defendant was capable of having a meaningful parent-child relationship with his younger daughter although he

did not wish to require the elder daughter, who was attending college, to visit with him.

Based upon these findings, the trial court concluded that the visitation privileges set forth in the 3 September 1975 consent order should be amended and modified to terminate as they related to the elder daughter and so as to preclude overnight visits by the younger daughter. Based upon these conclusions, the trial court entered an order on 7 April 1977 terminating visitation rights as to the elder daughter and terminating overnight visits by the younger daughter. The order specifically provided for regular monthly daytime visits by the younger daughter.

Five days later, on 12 April 1977, the trial court entered an order finding that the plaintiff had not allowed the children to visit the defendant pursuant to the terms of the order of 3 September 1975. It further found that she had "willfully and without sufficient legal excuse or justification defied the Orders of [the] Court, and as a result of such action and conduct should be punished as for contempt." The trial court entered judgment declaring the plaintiff in contempt and sentenced the plaintiff to three days incarceration, which sentence was deferred upon condition that she comply for one year with the amended provisions as to visitation contained in its "contemporaneous order" of 7 April 1977. From these judgments, the plaintiff appealed.

*James L. Roberts for plaintiff appellant.*

*R. Kent Brown for defendant appellee.*

MITCHELL, Judge.

[1] The plaintiff assigns as error the trial court's failure to allow her motion to dismiss as to willful contempt at the close of the defendant's evidence and again at the close of all of the evidence. She contends that the court did not find and the evidence did not support a finding of "willfulness" on her part in violating the 3 September 1975 order. She further contends that, even if her violation of the order was willful, it was negated by the condition of the defendant and his apartment as set forth in the trial court's findings. We do not agree. As the defendant's evidence was sufficient to withstand the plaintiff's motion to dismiss both at the close of the defendant's evidence and at the close of all of the evidence, denial of those motions was proper.

The trial court found in its order of 12 April 1977 that the plaintiff had not allowed visitation pursuant to the order of 3 September 1975. The trial court further found that the plaintiff "willfully and without sufficient legal excuse or justification" defied that order. The trial court's findings in this regard were supported by competent evidence, and in contempt proceedings such findings are conclusive on appeal when so supported. *Clark v. Clark*, 294 N.C. 554, 243 S.E. 2d 129 (1978).

A review of the record on appeal indicates that the plaintiff's own testimony was that, since September of 1976, she had not complied with the order of 3 September 1975. She made no attempt to petition the court for a modification of the 1975 order so as to require the defendant to keep his premises clean and refrain from the use of alcohol or drugs when exercising visitation rights. Instead, she chose to continue to ignore the 1975 order with regard to the defendant's visitation rights. This violation of the 1975 order was not justified. *See Clark v. Clark*, 294 N.C. 554, 243 S.E. 2d 129 (1978).

[2] The plaintiff further contends that, prior to a finding of willful contempt, the trial court must find that the contemnor had the "present ability to perform" pursuant to the order violated. The plaintiff argues that there was no evidence in the record showing she was in a position to comply with the visitation order, and that the omission of this finding was fatal. We do not agree.

In *Moore v. Moore*, 35 N.C. App. 748, 242 S.E. 2d 642 (1978), we upheld a finding that the defendant was in willful contempt for failing to transfer an automobile title pursuant to a prior order for child support. No specific finding as to the defendant's present ability to transfer the title had been made. We found that none was required, although the evidence before the trial court was sufficient to enable it to reasonably conclude that the defendant had been possessed of the present ability to comply. We find *Moore* analogous to the present case, in that there was plenary evidence introduced here to justify a finding of a present ability to comply. *Cf. Clark v. Clark*, 294 N.C. 554, 243 S.E. 2d 129 (1978) (Finding of willful refusal to obey a visitation order supported by plenary evidence and contemnor's contention that she had no knowledge of the existence or terms of the prior order was without merit.)

[3] The plaintiff's final contention is that the trial court was without authority to issue its order of 7 April 1977 which modified the defendant's visitation rights established in prior orders, as this was done without notice to the plaintiff. This contention has merit. On 11 January 1977 the court ordered the plaintiff to appear and show cause why she should not be adjudged in willful contempt for failure to abide by the terms of the 3 September 1975 order. No notice that custody or visitation would be considered was given. Based upon the evidence adduced at its hearing conducted pursuant to the order of 11 January 1977 directing the plaintiff to show cause why she should not be held in contempt, the trial court entered its order of 7 April 1977 modifying prior orders concerning the defendant's visitation rights. The trial court was without authority to transform the show cause hearing, on its own motion and without notice to the plaintiff, into a hearing on the issue of modification of the defendant's visitation rights as set forth in prior orders. *Rose's Stores v. Tarrytown Center*, 270 N.C. 206, 154 S.E. 2d 313 (1967). *See also Conrad v. Conrad*, 35 N.C. App. 114, 116, 239 S.E. 2d 862, 863 (1978). The trial court's order of April 1977 must be and is, therefore, vacated.

For reasons previously set forth herein, we find that portion of the trial court's judgment of 12 April 1977 adjudging the plaintiff to be in contempt was supported by competent evidence, and it is affirmed. As the record reveals and both counsel agree that the plaintiff has complied with that portion of the contempt judgment of 12 April 1977 permitting her to purge herself of contempt, issues relating to the validity of the conditions imposed therein have become moot and need not be considered or discussed.

Affirmed in part and vacated in part.

Judges PARKER and HEDRICK concur.