FAYE T. MANN v. ROBERT E. MANN

No. 8115DC955

(Filed 1 June 1982)

1. **Divorce and Alimony § 24.4; Husband and Wife § 13— separation agreement—enforcement by specific performance**

  Plaintiff was entitled to specific performance of the child support provisions of a separation agreement.

2. **Divorce and Alimony § 24.2— child support in separation agreement—modification—necessity for notice and proper hearing**

  In an action in which plaintiff mother sought specific performance of the child support provisions of a separation agreement, the trial court's reduction of the amount of child support required by the agreement without a proper proceeding and notice and opportunity to be heard deprived plaintiff of her rights under the due process provisions of the North Carolina and United States Constitutions.

APPEAL by plaintiff from *Washburn, Judge.* Order signed 10 June 1981 in District Court, ALAMANCE County. Heard in the Court of Appeals 28 April 1982.

This appeal arises out of plaintiff's efforts to enforce the provisions of a separation agreement entered into by the parties on 19 June 1980. The agreement provided, *inter alia*, that defendant would pay to the plaintiff child support in the amount of $300 per month. In her complaint plaintiff alleged that defendant had willfully breached the terms of the contract by failing to make these payments. Plaintiff demanded "[t]hat judgment be rendered against the defendant requiring him to specifically perform all of the terms and conditions of the contract herein referred to . . . as to any and all arrearages and future payments of child support . . .."

After hearing the evidence, the trial judge concluded that the plaintiff did not have an adequate remedy at law and was entitled to an order for specific performance of the provisions of the separation agreement "subject to equitable modification of one of the child support terms" based on "substantial and material changes in the circumstances of the parties . . . which would justify modification of the Defendant's child support obligation." The judge ordered that the separation agreement of 19 June 1980 was to be made an order of the court and its terms were specifically ordered to be performed, "provided, however, that as

---

---

of the date hereof and in the future, the Defendant shall pay the sum of $200.00 per month as child support . . .."

Plaintiff appealed.

*Latham, Wood and Balog, by B. F. Wood, for plaintiff appellant.*

*Bateman, Wishart, Norris, Henninger & Pittman, by Robert J. Wishart and June K. Allison, for defendant appellee.*

MARTIN (Harry C.), Judge.

[1] The trial court found that the separation agreement between plaintiff and defendant was entitled to specific performance. We agree and affirm this portion of the judgment entered by the trial court. *Moore v. Moore,* 297 N.C. 14, 252 S.E. 2d 735 (1979); *Britt v. Britt,* 49 N.C. App. 463, 271 S.E. 2d 921 (1980). The reasons set out in *Moore* supporting an order for specific performance are equally applicable here. Plaintiff's remedy at law to enforce the separation contract is inadequate; equitable relief was appropriate.

We also affirm the order of the court finding plaintiff is entitled to arrearage in child support from defendant in the amount of $700. Although the court ordered that this was to be paid by defendant in monthly installments of $25, plaintiff did not except to this part of the judgment.

[2] Finally, we hold that the trial court erred in reducing the contract provision for child support from $300 to $200 per month. Where a separation agreement is adopted by incorporation into a consent judgment, the terms thereof are subject to modification by the court upon a showing of changed circumstances. *Britt, supra.* Such is not the case here. We are not concerned with the enforcement or modification of a judgment of the court. Here, the separation agreement of the parties has only been accorded enforcement by specific performance. "The fact that a failure to comply with a decree for specific performance of the support provisions of a separation agreement might be punishable by contempt renders the separation agreement no less a contract of the parties." *Haynes v. Haynes,* 45 N.C. App. 376, 383, 263 S.E. 2d 783, 787 (1980).

Of course, the parties cannot by their agreement deprive the court of its inherent authority to protect the interests and provide for the welfare of minor children. *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963). Nevertheless, such authority must be exercised through a proper proceeding for this purpose, and interested parties must be given notice and opportunity to be heard. Otherwise, constitutional imperfections may result. On the record before us, plaintiff did not have notice that reduction of child support would be involved in the hearing. Although it is not controlling in this case, we note that defendant did not request a reduction of child support payments in his answer. He admitted the validity of the contract. Separation agreements are generally subject to the same rules with respect to enforcement as other contracts. *Moore, supra.* The reduction of the child support payments without a proper proceeding and notice and opportunity to be heard deprived plaintiff of her constitutional rights under the due process provisions of the North Carolina and United States constitutions. *Lee v. Lee*, 37 N.C. App. 371, 246 S.E. 2d 49 (1978); *Conrad v. Conrad*, 35 N.C. App. 114, 239 S.E. 2d 862 (1978).

The portions of the court's judgment ordering specific performance of the separation agreement and ordering payment of the $700 arrearage are affirmed. The portion of the judgment reducing the child support payments from $300 to $200 per month is reversed.

Affirmed in part; reversed in part.

Chief Judge MORRIS and Judge CLARK concur.