CAROLE VAN NYNATTEN v. FRED H. L. VAN NYNATTEN

No. 925DC1018

(Filed 21 December 1993)

1. **Divorce and Separation § 417 (NCI4th)— child support payments—unilateral reduction—retroactive reduction by trial court—absence of compelling reason**

   Defendant father could not unilaterally reduce child support payments provided for in a consent order without apply-

VAN NYNATTEN v. VAN NYNATTEN

[113 N.C. App. 142 (1993)]

ing to the court for modification, and the trial court could not retroactively reduce the child support payments absent a compelling reason as provided in N.C.G.S. § 50-13.10(a)(2). Even if the parties orally agreed that defendant's child support payments would be reduced after equitable distribution, this agreement would not constitute a compelling reason justifying defendant's failure to apply to the court before altering his child support payments.

**Am Jur 2d, Divorce and Separation §§ 1071, 1072.**

2. **Divorce and Separation § 295 (NCI4th)— proceeding involving child support—erroneous consideration of alimony issue**

    In a proceeding instituted by plaintiff to hold defendant in contempt for failure to make child support payments required by a consent order wherein defendant moved for a reduction in child support payments, the trial court erred by addressing the issue of whether plaintiff waived the alimony provision of the consent order where neither party moved for modification of the alimony payments. A motion by a party to modify one provision of a consent order does not give the trial court the power unilaterally to modify a different provision of the order where such modification would otherwise require a motion by a party.

**Am Jur 2d, Divorce and Separation § 731.**

Appeal by plaintiff from order entered 18 March 1992 by Judge Jacqueline Morris-Goodson in New Hanover County District Court. Heard in the Court of Appeals 27 September 1993.

*Shipman & Lea, by James W. Lea, III, for plaintiff-appellant.*

*Johnson & Lambeth, by Carter T. Lambeth, for defendant-appellee.*

WYNN, Judge.

Plaintiff Carole Van Nynatten and defendant Fred H.L. Van Nynatten were married on 6 June 1970. They had three children. On 27 March 1989 plaintiff instituted an action for divorce, child custody, child support, temporary and permanent alimony, and equitable distribution of the parties' marital assets.

On 29 August 1989 the parties entered into a consent order. It provided that defendant would pay plaintiff $1,500 per month in temporary alimony and $1,000 per month in child support for their minor daughter Erika, until she reached the age of 18 or graduated from high school, whichever occurred later. The consent order provided that the alimony amount was temporary and would only continue until either party requested a hearing on permanent alimony. The order did not provide for modification of child support payments.

Defendant paid plaintiff $1,000 per month in child support from September 1989 through July 1991. On 30 July 1991, the trial court entered its equitable distribution order. This order and a subsequent order of 8 October 1991 provided that defendant would pay plaintiff $97,596, with interest, over a five-year period. These orders did not modify defendant's child support payments in any way. However, beginning with the August 1991 payment, defendant paid only $500 per month in child support. Defendant made this change unilaterally, without notifying plaintiff or filing a motion for modification with the court.

On 13 November 1991, plaintiff filed a motion to hold defendant in contempt for failure to comply with the consent order. In a reply and counter-motion of 12 March 1992, defendant moved to reduce his child support payments and asked that this reduction be made retroactive to 30 July 1991, the date of the equitable distribution order.

On 18 March 1992, the court granted defendant's motion. It assessed his new child support obligation under the North Carolina Child Support Guidelines at $791.21 per month, effective 1 April 1992, and relieved defendant from any child support arrearages accruing from August 1991 through March 1992.

Plaintiff appeals the grant of relief from child support arrearages.

[1] This case presents the question of whether child support payments may be reduced retroactively, absent a compelling reason. Through a plain reading of N.C. Gen. Stat. § 50-13.10, we conclude that they may not, and remand this case to the district court for entry of an order requiring defendant to pay child support arrearages from August 1991 through March 1992. *Craig v. Craig*, 103 N.C. App. 615, 406 S.E.2d 656 (1991).

## VAN NYNATTEN v. VAN NYNATTEN

[113 N.C. App. 142 (1993)]

N.C. Gen. Stat. § 50-13.10 provides that child support payments vest when they accrue. A vested past due payment is subject to divestment only if a party filed a written motion with the court and gave due notice to all parties before the payment was due. Notice and filing may occur after the payment is due only if the moving party is precluded "by physical disability, mental incapacity, indigency, misrepresentation of another party, or other compelling reason" from filing a motion before the payment is due. N.C. Gen. Stat. § 50-13.10(a)(2) (1987). Even when such a reason exists, the party must file a motion "promptly after [he] is no longer so precluded." *Id.*

Defendant acted in clear violation of this statute. He unilaterally reduced his child support payments as of August 1991 and did not file a motion with the court until 12 March 1992.

These facts fall squarely under the analysis in *Craig v. Craig.* There, the defendant-father had unilaterally cut his child support payments in half when one of the two children in the plaintiff-mother's custody reached age 18. This Court held that, even though the plaintiff-mother had not objected to the reduction, the full amount continued to accrue and vest as it became due until defendant applied to the court for modification pursuant to N.C. Gen. Stat. § 50-13.10.

Here, defendant argues that he falls within the exception to the prompt filing requirement because he had a compelling reason for not filing and because plaintiff made a misrepresentation to him. He asserts that the parties had orally agreed that his child support obligation would be reduced after equitable distribution; that he thereby believed his child support payments had been reduced; and that this belief constituted a compelling reason not to file a motion with the court. Defendant further contends that plaintiff misrepresented to him that she also believed payments would be reduced after equitable distribution.

These arguments are meritless. Even if defendant believed plaintiff had agreed to some future reduction of child support, no specific reduction had ever been agreed upon. Indeed, the new amount of $500 per month appears to have been arbitrarily selected by the defendant. Defendant's claim that plaintiff misrepresented her position to him also is not credible. If defendant had believed that plaintiff agreed to his unilateral reduction in child support, service of the 13 November 1991 motion for contempt should have

indicated otherwise. Yet it took defendant nearly four months from service of that motion to file the motion he was required to make all along.

Moreover, even if an oral agreement existed, it would not justify noncompliance with the statute. In *Craig*, this Court held that even though child support normally terminates as a matter of law upon a child reaching age 18, where at least one child for whom support was ordered remains a minor, defendant still had to apply to the trial court for modification. Similarly, even if there had been an oral agreement here, defendant was still required to comply with the statute by applying to the court before altering his payments.

We hold that defendant's legal obligation to pay plaintiff $1,000 per month in child support extended until he filed his 12 March 1992 written motion and gave appropriate notice to the plaintiff. The trial court's 18 March 1992 order reducing his child support is to be applied prospectively only. Thus, defendant owes plaintiff retroactive child support from August 1991 through March 1992. We note that, although defendant moved for the reduction on 12 March 1992, he owes plaintiff the full March payment. The record reflects that, under the consent order, payments were due on the first day of each month. Because payments vest when they accrue, N.C. Gen. Stat. § 50-13.10, the March 1992 payment had already vested when defendant filed his motion. *Compare Hill v. Hill*, No. 100A92, 1993 WL 453763 (N.C. Nov. 5, 1993).

Plaintiff-appellant further assigns error to the trial court's finding that there was an oral agreement between the parties that child support would be reduced after the equitable distribution judgment was entered. We need not address this contention because, as noted above, we reach the same result whether or not such an agreement existed.

[2] Finally, plaintiff-appellant assigns error to the trial court's finding of fact that upon equitable distribution, plaintiff waived the alimony provisions of the August 1989 consent judgment. The August 1989 order provides that temporary alimony should be paid until there is a hearing on the issue of permanent alimony. Although no such hearing has been held, the trial court found as a fact that at the time of equitable distribution, plaintiff waived the alimony provision because she would now be receiving monthly payments pursuant to the equitable distribution.

VAN NYNATTEN v. VAN NYNATTEN

[113 N.C. App. 142 (1993)]

Plaintiff contends that the court erred by addressing the alimony issue in this proceeding. She is correct. Plaintiff instituted this proceeding on a motion for contempt for failure to pay child support. Defendant counter-moved for a reduction in child support payments. At no point in the proceedings did either party move for modification of the alimony payments. A motion and a showing of changed circumstances are required to vacate or modify an alimony order. N.C. Gen. Stat. § 50-16.9 (1987). Here, the only motion before the trial court was one for modification of child support, not alimony. A motion by a party to modify one provision of a consent order does not give a trial court the power unilaterally to modify a different provision of the order, where such modification would otherwise require a motion by a party.

In *Conrad v. Conrad*, 35 N.C. App. 114, 239 S.E.2d 862 (1978), we reversed a trial court when it unilaterally suspended alimony payments without motion and notice to the other party. In *Conrad*, plaintiff initiated a contempt proceeding against defendant for failure to make alimony payments for August and September 1976. The trial court not only ordered defendant to pay the August payment but also, upon a finding that he thereafter lacked the means to comply, suspended all further monthly payments. We reversed, holding that modification of the alimony order absent a motion by defendant and notice to plaintiff violates the Fourteenth Amendment to the United States Constitution and Article I, Sec. 19 of the North Carolina constitution by depriving plaintiff of her property rights without due process. *See also Mann v. Mann*, 57 N.C. App. 587, 291 S.E.2d 794 (1982); *Lee v. Lee*, 37 N.C. App. 371, 246 S.E.2d 49 (1978). Likewise, in the subject case we reverse the order of the trial court modifying the alimony agreement.

Reversed and remanded for entry of an order requiring defendant to pay the full amount of arrearages which accumulated from April 1991 through March 1992.

Chief Judge ARNOLD and Judge JOHN concur.