ORANGE COUNTY ex rel. GENEVIEVE J. HARRIS, Plaintiff v. DAREN LYNN KEYES, Defendant

No. COA02-1163

(Filed 17 June 2003)

**Child Support, Custody, and Visitation— support—retroactive modification—adjustment of vested arrears**

The trial court erred in a child support case by adjusting defendant father's vested child support arrears in violation of N.C.G.S. § 50-13.10, because: (1) child support payments may not be reduced retroactively so as to grant relief from arrears absent a compelling reason; and (2) the trial court's forgiving of $1,272.00 arrears based on the fact that the sum represented past paid public assistance which was paid before defendant knew of the existence of his child is not a reason that satisfies any of the situations described in N.C.G.S. § 50-13.10(a)(2).

Appeal by plaintiff from order entered 20 May 2002 by Judge Charles T.L. Anderson in Orange County District Court. Heard in the Court of Appeals 3 June 2003.

*Coleman, Gledhill & Hargrave, P.C., by Leigh Peek, for plaintiff appellant.*

*No brief filed by defendant appellee.*

ORANGE CTY. EX REL. HARRIS v. KEYES

[158 N.C. App. 530 (2003)]

McCULLOUGH, Judge.

Dominique Dejuante Wilson was born on 15 February 1991 to plaintiff Genevieve Harris and defendant Daren Keyes. On 4 August 1998, defendant entered into a voluntary support agreement pursuant to N.C. Gen. Stat. § 110-132, -133 and -136, which required him to: (1) pay current child support of $265.00 per month, effective 1 August 1998; (2) provide health insurance for the child within sixty days of the order; (3) pay $3,445.00 in prior maintenance; and (4) pay $1,272.00 to reimburse the State for past paid public assistance. The $1,272.00 arrears to the State was to be repaid at a rate of $20.00 per month.

In March 2002, plaintiff and defendant each filed a Motion and Notice of Hearing for Modification of Child Support Order. Plaintiff requested an increase in child support, while defendant requested a decrease in child support and termination of his arrears. By order dated 20 May 2002, the trial court applied the Child Support Guidelines to the case, increased defendant's child support obligation to $291.00 per month, and noted "that a substantial change underlies the modification of this order." The order also reduced defendant's arrears by $1,272.00, the amount due to the State for past paid public assistance. With regard to the arrears, the trial court made the following pertinent findings of fact:

8. This order was initiated in 1997, and Defendant has a vested total arrears of $4499.56, of which $1272.00 is past paid public assistance owed to the State of North Carolina.

9. The Court finds it appropriate to forgive the portion of the Defendant's vested arrears which represents past paid public assistance rendered for the minor child prior to the Defendant knowing of the minor child's existence, namely the $1272.00, as the minor child was born in 1991 and Defendant was not informed as to the birth of the child until 1997.

10. That the remainder of the arrears, namely $3,227.56, shall be repaid at the rate of $20.00 per month, such that effective May 1, 2002, the Defendant's child support obligation shall be $311.00, with $291.00 to current support and $20.00 to the arrears.

The trial court also concluded:

4. That it is appropriate to forgive that portion of the Defendant's arrears which represents past paid public assistance owed to

the State of North Carolina prior to the Defendant knowing of the minor child's existence.

The trial court indicated that its order was effective 1 May 2002. Plaintiff appealed.

On appeal, plaintiff contends the trial court's adjustment of defendant's vested child support arrears violated N.C. Gen. Stat. § 50-13.10 (2001) and 42 U.S.C. § 666(a)(9) (2001). For the reasons stated herein, we agree and reverse the order of the trial court.

N.C. Gen. Stat. § 50-13.10 states:

(a) Each past due child support payment is vested when it accrues and may not thereafter be vacated, reduced, or otherwise modified in any way for any reason, in this State or any other state, except that a child support obligation may be modified as otherwise provided by law, and a vested past due payment is to that extent subject to divestment, if, but only if, a written motion is filed, and due notice is given to all parties either:

(1) Before the payment is due or

(2) If the moving party is precluded by physical disability, mental incapacity, indigency, misrepresentation of another party, or other compelling reason from filing a motion before the payment is due, then promptly after the moving party is no longer precluded.

Stated another way, child support payments may not be reduced retroactively so as to grant relief from arrears, absent a compelling reason. *Van Nynatten v. Van Nynatten*, 113 N.C. App. 142, 144, 438 S.E.2d 417, 418 (1993).

In the present case, defendant voluntarily agreed to repay $1,272.00 in past paid public assistance and $3,445.00 in prior maintenance costs in August 1998. Upon both plaintiff's and defendant's motions, the trial court conducted a hearing on 24 April 2002 and clearly articulated that it would forgive the $1,272.00 arrears because that sum represented past paid public assistance which was paid before defendant knew of the existence of his child. This reason does not satisfy any of the situations described in N.C. Gen. Stat. § 50-13.10(a)(2) and is therefore an insufficient basis upon which the reduction was predicated.

As the trial court did not point to "physical disability, mental incapacity, indigency, misrepresentation of another party, or other

compelling reason[,]" it had no legal basis to retroactively modify defendant's vested child support arrears. *See* N.C. Gen. Stat. § 50-13.10(a)(2). We are also mindful that

> [t]he purpose of a child support proceeding is to determine the nature and extent of the support required. The initial determination is subject to modification or vacation at any time upon motion and a showing of changed circumstances. The support issue thus may be before the court on numerous occasions during a child's minority.

*Leach v. Alford,* 63 N.C. App. 118, 123, 304 S.E.2d 265, 268 (1983) (citation omitted). While we must reverse the retroactive modification in this case, we note that both plaintiff and defendant are entitled to move for modification or vacation of child support in the future and may prevail upon a showing of changed circumstances.

The order of the trial court is hereby

Reversed.

Judges WYNN and ELMORE concur.