IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-914

Filed: 7 July 2020

Mecklenburg County, No. 16 CVD 13133 (SPS)

SHEILA HOLBROOK PRICE, Plaintiff,

v.

ALEXANDER GRAHAM BIGGS, III, Defendant.

Appeal by defendant from orders entered 11 September 2017 by Judge Jane V. Harper and 2 April 2019 by Judge Sean P. Smith in Mecklenburg County District Court. Heard in the Court of Appeals 27 May 2020.

*Collins Family Law Group, by Rebecca K. Watts, for defendant.*
*No appearance for plaintiff.*

ARROWOOD, Judge.

Alexander Graham Biggs, III, ("defendant") appeals from the trial court's order modifying his child support obligations and establishing a payment schedule for child support arrearages for which he was found in contempt. For the following reasons, we reverse and remand.

I.     Background

This case arises from orders governing defendant's child support obligations after his divorce from Sheila Holbrook Price ("plaintiff"). On 27 September 2010, the trial court entered a judgement for divorce that incorporated the provisions of the

parties' separation agreement detailing defendant's financial obligations to plaintiff for care of their children. On 6 July 2017, plaintiff filed a contempt motion against defendant pursuant to N.C. Gen. Stat. § 5A-23(a1) (2019), seeking enforcement of allegedly overdue child support payments pursuant to that judgment. The trial court heard plaintiff's motion on 31 August 2017.

On 11 September 2017, the court entered an order finding defendant in contempt for overdue child support and awarded plaintiff attorney's fees related to her motion. In the contempt order, the trial court deferred setting a payment schedule for the arrearages until entry of an order disposing of defendant's pending motion to modify child support. It does not appear from the record that the court ever heard this motion.

Plaintiff subsequently filed another motion to modify child support on 12 February 2018. On 6 September 2018, the trial court held a hearing on this motion ("the first hearing"). The trial court limited plaintiff and defendant to one hour and forty minutes each to present their cases. Plaintiff used nearly her full allotment of one hour and forty minutes to present her evidence. Near the end of plaintiff's case, the court implored the parties to reach a settlement agreement and ordered a recess for that purpose. During the recess, parties entered a settlement agreement and the hearing ended, so defendant never presented his case and

evidence. This settlement fell through, as defendant's counsel subsequently told him not to sign the consent order.

On 6 February 2019, another hearing was held on plaintiff's motion ("the second hearing"). The trial court allotted plaintiff and defendant twenty-five minutes each to present their cases. Defendant's counsel asked for the one hour and forty minutes he did not use to present his case at the first hearing. The trial court refused, despite admitting it did not recall the prior proceedings in the case. Thus, defendant was only afforded twenty-five minutes total to present his case, compared to plaintiff's total of nearly two hours and five minutes across the two hearings.

After defendant used his twenty-five minutes to present his evidence, his counsel again requested additional time. The trial court responded:

> Why are we making this so hard y'all? It's so disappointing. It's so disappointing to see this enormous number and to see y'all do this after what we did with [defendant's counsel at the first hearing] who made his own mistakes. It's so disappointing. You're looking at me like I'm going to make it all better somehow. I'm going to issue some award for attorney's fees and child support and make some decisions about what you have to do and make it all better. That's delusional. So now [defendant's counsel], you're making the argument pursuant to these cases and so oh well Judge - - like I have all the time in the world to hear these cases.

This exchange was the extent of the trial court's treatment of defendant's request.

On 2 April 2019, the trial court entered an order modifying defendant's child support obligations and awarded plaintiff attorney's fees in relation to her motion.

The order also set a payment schedule for defendant's child support arrearages and attorney's fees pursuant to the prior contempt order. Defendant timely noted his appeal.

## II. Discussion

On appeal, defendant argues that the trial court: (a) erred in its contempt order by improperly placing the burden of proof on defendant, failing to make statutorily required findings of fact, and setting improper purge conditions; (b) abused its discretion by failing to allow defendant equal time to present evidence at the hearings on plaintiff's motion to modify child support; and (c) erred in awarding attorney's fees to plaintiff in both orders. We address each argument in turn.

### A. Contempt Order

Defendant argues that the trial court erred in its contempt order by (1) improperly placing the burden on defendant to prove why he was not in contempt, (2) failing to make statutorily required findings of fact, (3) setting improper purge conditions, and (4) awarding attorney's fees to plaintiff. We agree with defendant's first two arguments, and reverse and remand for entry of a new order. Thus, we do not reach defendant's remaining arguments.

"Review in [civil] contempt proceedings is limited to whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Adkins v. Adkins*, 82 N.C. App. 289, 292, 346 S.E.2d 220, 222

(1986) (citation omitted). We review the trial court's conclusions of law *de novo*. *Hall v. Hall*, 188 N.C. App. 527, 530, 655 S.E.2d 901, 904 (2008) (citation omitted).

In contempt proceedings initiated by a party, the burden is on the movant to prove the other party's contempt. N.C. Gen. Stat. § 5A-23(a1) (2019). Civil contempt consists of the following four elements:

> (1)   The order remains in force;
>
> (2)   The purpose of the order may still be served by compliance with the order;
>
> (2a)  The noncompliance by the person to whom the order is directed is willful; and
>
> (3)   The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.

N.C. Gen. Stat. § 5A-21(a) (2019). The trial court must make findings addressing each of these elements in its contempt order. N.C. Gen. Stat. § 5A-23(e).

"[T]his Court has required the trial courts to find as a fact that the defendant possessed the means to comply with orders of the court during the period when he was in default. [T]he court must find not only failure to comply but that the defendant presently possesses *the means* to comply. . . . To support a finding of willfulness, there must be evidence to establish as an affirmative fact that defendant possessed the means to comply with the order for support at some time after the entry of the order." *Teachey v. Teachey*, 46 N.C. App. 332, 333-34, 264 S.E.2d 786, 787 (1980) (emphasis

added) (alterations and citations omitted). In the instant case, the trial court failed to make express findings on elements (2a) and (3) of N.C. Gen. Stat. § 5A-23(a1).

First, the trial court did not make any express findings on whether defendant's past failure to pay the overdue child support was willful, and improperly placed the burden of proof for this element on defendant. The court found that defendant had not worked as a golf pro, at an annual salary ranging from $150,000.00 to $175,000.00, since the entry of the 2010 divorce decree incorporating the parties' initial agreement on child support. The court also found that defendant now works at a job with an annual salary of $50,000.00. The court further found as fact that "[i]t has been his choice to work at a much lower-paying job," and it "may be the case" "that he has paid what he could afford[.]" The court does not reconcile these findings with each other and come to a clear determination on willfulness. Rather, the court found that "[h]e offered no reason, and the court finds none, why he could not have resumed working as a golf pro, where he earned [more money]."

Second, the contempt order contained no express findings of fact addressing defendant's present ability to comply with the child support order of which he was alleged to be in contempt, and improperly placed the burden of proof on defendant. The trial court found that "no evidence was offered of his ability to pay the entire amount of arrears at this time." In the same finding, the court also questioned the testimony he offered of his current income and expenses, finding that "[h]e offered no

documents to corroborate either his income or his expenses." However, the court did not point to alternative evidence indicating a present ability to pay the overdue child support. These findings are fatal to the order.

"Under . . . show cause proceeding[s initiated by the trial court *sua sponte*], the burden of proof is on the alleged contemnor. However, when an aggrieved party rather than a judicial official initiates a proceeding for civil contempt, the burden of proof is on the aggrieved party, because there has not been a judicial finding of probable cause." *Moss v. Moss*, 222 N.C. App. 75, 77, 730 S.E.2d 203, 205 (2012) (internal citations omitted) (citing N.C. Gen. Stat. § 5A-23(a), (a1) (2011)). Here, plaintiff filed a motion requesting the trial court to find defendant in contempt pursuant to N.C. Gen. Stat. § 5A-23(a1). The court did not subsequently direct defendant to show cause why he should not be held in contempt, per N.C. Gen. Stat. § 5A-23(a), before the hearing on plaintiff's motion. Therefore, as the aggrieved party, plaintiff bore the burden of proving that defendant was in contempt of the 2010 child support order.

As such, the trial court's findings that no evidence was presented on whether defendant's noncompliance with his child support obligations was willful or whether he had the present ability to comply therewith were an improper basis for its affirmative findings on these issues. Plaintiff bore the burden of proving defendant's contempt. In contempt proceedings initiated under N.C. Gen. Stat. § 5A-23(a1), a

finding that no evidence was presented of an essential element of civil contempt compels a finding that plaintiff, as the aggrieved party, failed to meet her burden of proving defendant's contempt. The court erred in holding otherwise.

The trial court failed to make essential findings mandated by N.C. Gen. Stat. 5A-23(a1) and improperly shifted the burden of proof to defendant. Thus, the trial court's findings of fact do not support its conclusion of law that defendant was in contempt of his child support obligations under the parties' 2010 divorce decree. Accordingly, we reverse the contempt order and remand for entry of a new order containing adequate findings of fact and placing the evidentiary burden upon plaintiff to prove defendant's contempt.

### B. Hearing and Order on Motion to Modify Child Support

Defendant next argues that the trial court violated his right to due process of law at the second hearing on plaintiff's motion to modify child support, by denying him an adequate amount of time to present his case. We agree.

Because defendant did not object on due process grounds after the trial court denied his request for additional time, we review the court's decision for abuse of discretion. "The trial judge has inherent authority to supervise and control trial proceedings. The manner of the presentation of evidence is largely within the sound discretion of the trial judge and his control of a case will not be disturbed absent a manifest abuse of discretion." *State v. Davis*, 317 N.C. 315, 318, 345 S.E.2d 176, 178

(1986) (citations omitted). "A trial court may be reversed for abuse of discretion only upon a showing that its [ruling] . . . was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (internal citation omitted).

The Due Process Clause of the Fifth and Fourteenth Amendments entitles a person to some degree of notice and an opportunity to be heard before a state actor may deprive him of a recognized property interest. *See generally In re W.B.M.*, 202 N.C. App. 606, 615, 690 S.E.2d 41, 47-48 (2010) (citing U.S. Const. Amends. V, XIV; N.C. Const. art. I, § 19). An obligation to pay child support is a recognized property interest triggering procedural due process requirements. *Mann v. Mann*, 57 N.C. App. 587, 589, 291 S.E.2d 794, 795 (1982). An opportunity to be heard must be provided "at a meaningful time and in a meaningful manner." *In re W.B.M.*, 202 N.C. App. at 615, 690 S.E.2d at 48 (internal quotation marks omitted) (citing *Matthews v. Eldridge*, 424 U.S. 319, 333, 47 L. Ed. 2d 18, 32 (1976)).

At the first hearing on plaintiff's motion, plaintiff used nearly her full allotment of one hour and forty minutes to present her case. After plaintiff rested her case, the court implored the parties to reach a settlement agreement and ordered a recess for that purpose. At recess, the parties then entered a settlement agreement per the court's request. The hearing ended, so defendant never presented his case and evidence. This settlement fell through. On 6 February 2019 at the next hearing

on plaintiff's motion, plaintiff and defendant were each allotted twenty-five minutes to present their cases. Defendant's counsel asked for the one hour and forty minutes he did not use to present his case in the prior hearing. The trial court refused, despite admitting it did not remember the events of the prior hearing. Thus, defendant was only afforded twenty-five minutes total to present his case compared to plaintiff's total of nearly two hours and five minutes.

Under the circumstances of this case, we find that the trial court abused its discretion by denying defendant's request for an adequate opportunity to be heard. As an initial matter, nothing in the record indicates that defendant undermined the settlement reached in the recess at the first hearing in bad faith. The trial court did not make any oral findings to that effect before denying defendant equal time to present his case. In fact, the trial judge admitted his lack of memory of the prior proceedings contemporaneously with his ruling. Nor did the trial judge make any findings on this matter in his written order on the motion to modify child support, other than simply finding that the court had denied defendant's request for the additional time.

Moreover, assuming *arguendo* that the trial court at the second hearing was operating under time constraints and limited the parties' time to present evidence in furtherance of a legitimate purpose of expediency, the record does not show why the matter could not have been continued to another time at which the court could afford

defendant adequate time to present his case.  Nor does it indicate why plaintiff was entitled to half of the limited time allotted to present her case, given that she had received an hour and forty minutes to do so at the first hearing.

The only reasoning the trial judge provided for his ruling was that, despite his initial lack of memory regarding the occurrences of the first hearing, he felt that the parties were wasting the court's time.  In the circumstances present in the instant case, this was not a rational basis upon which to deny defendant adequate time to present evidence.  Therefore, we hold that the trial court abused its discretion in so ruling.  We reverse and remand for a rehearing at which defendant is afforded adequate time to present his evidence.  Thus, we do not reach defendant's remaining argument on the trial court's award of attorney's fees to plaintiff.

## III.    Conclusion

For the foregoing reasons, we reverse and remand the contempt order for entry of an order that comports with the requirements of case law and statute; to the extent necessary, the court may conduct a new hearing to accomplish this result.  We also reverse the child support modification order and remand for rehearing at which defendant can be afforded his due process right to present his case.

REVERSED AND REMANDED.

Judges INMAN and MURPHY concur.